## (June 28, 1971)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD M. LA BELLE, Appellant.— Appeal from a judgment of the County Court of Rensselaer County, rendered December 10, 1969, upon a verdict convicting the defendant of the crime of murder in the first degree in violation of subdivision 2 of section 1044 of the Penal Law. On November 27, 1964, defendant was convicted in Rensselaer County Court of premeditated murder and felony murder in violation of subdivisions 1 and 2 of section 1044 of the Penal Law. We unanimously affirmed the judgment of conviction (*People* v. *La Belle,* 24 A D 2d 350) but the Court of Appeals reversed, dismissing the count of premeditated

murder and ordering a new trial on the felony murder count (18 N Y 2d 405). On November 30, 1963 the body of 15-year-old Rosemary Snay was found in a culvert in the Town of Schaghticoke, Rensselaer County. On December 3, 1963 appellant and his brother, Edward F. La Belle, were arrested and charged with the girl's murder. After submitting to a lie detector test and a period of questioning by various members of the State Police, appellant gave a statement indicating that he had been with Edward and the victim on the night of the murder and was present in Edward's car while the latter had sexual intercourse with the girl on two occasions. He said he was seated in the car when his brother killed the girl outside the car following the second rape. This statement, while placing appellant at the scene of the crime, also tended to exculpate him, as it recounted his attempts to intercede with Edward on the girl's behalf and indicated his shock and surprise at his brother's actions. He stated that he feared that his brother would harm him as well if he did not keep silent and co-operate in disposing of the girl's body. The record fully demonstrates appellant's criminal responsibility for felony murder. Although appellant's confession contained certain exculpatory statements, it plainly admitted facts from which the jury could find appellant responsible for the statutory rape and murder. The statement shows that he acted in concert with Edward in initially approaching the deceased girl; that he again acted in concert with Edward in getting out of the car and awaiting the approach of the girl; that when the girl got in the car he seated himself so that she was between them in the front seat; that after the first rape near the river, appellant got in the back seat with the girl "to make sure she didn't get out"; that he helped cover up two puddles of blood and that he wiped blood from the floor of the car. In addition, several members of the State Police testified on the trial that appellant orally admitted to them that he had helped place the body in the car immediately after the killing and later helped drop the body into the creek. Appellant contends that the trial court committed serious error in its charge when it stated "the immediate killing of said person so as to eliminate a witness to the felony or to avoid future detention * * * may be said to be intimately connected with the other underlying felony." The defense also alleges that it was error to grant the prosecution's request "that if they find that Edward La Belle struck and killed Rosemary Snay immediately following the ending of rape that they may consider that this was for the purpose of preventing disclosure of what had transpired earlier and was part and parcel of the felony." Appellant argues that the "intimately connected" language improperly expands the traditional criteria imposed by the statutory and case law requirement that the killing be "by a person engaged in the commission of * * * a felony" (former Penal Law, § 1044, subd. 2) and in furtherance thereof (*People* v. *Sobieskoda*, 235 N. Y. 411). We reject these contentions. The trial court properly instructed the jury that the People had to prove beyond a reasonable doubt that Rosemary Snay was killed "in the commission of the rape". He carefully stated that a unity of time and place must exist between the killing and the felony, and absent such unity, without an intimate connection between the felony and the killing, the jury must acquit. These instructions are in accord with the law of this State (see *People* v. *Jackson*, 20 N Y 2d 440; *People* v. *Walsh*, 262 N. Y. 140). The court's charge that acts immediately connected with the underlying crime may be part of its commission, and that the immediate killing of a victim so as to eliminate a witness or to avoid future detection may be said to be such an intimately connected act, was also proper. (See *People* v. *Schermerhorn*, 203 N. Y. 57, 66, 67.) Appellant argues that the trial court erred in not striking from the record the response by Officer

Brandon of the State Police to an alleged improper question. Inquiring as to oral custodial statements of the appellant, the prosecution asked " Did you believe him [Richard M. La Belle] when he said he did not rape Rosemary Snay ? " The witness replied, " No sir, I did not." Whatever prejudice might have been caused appellant thereby was adequately remedied by the instruction of the trial court that there was no proof that appellant actually had sexual intercourse with the decedent. Moreover, the door had been opened to the claimed improper question during cross-examination when the defense questioned Brandon concerning his belief of some of appellant's oral statements. We also find no merit in appellant's contention that the trial court abused its discretion in denying appellant's motion for a mistrial following a newspaper article which incorrectly narrated Officer Brandon's testimony of the previous day. It apparently confused Richard with his brother Edward, stating that Edward informed the State Police that he saw his brother pull the girl from the car and strike her over the head with an instrument. The defense attorney himself corrected the erroneous report before the jury on the day following the publication of the mistaken report when he recounted the salient points of Brandon's testimony. The jury again heard appellant's account of the crime when his written statement was admitted in evidence and read to the jury. Furthermore, the trial court admonished the jury that they were to make their determination only from evidence received in the courtroom. Finally, appellant's reliance on *Sheppard* v. *Maxwell* (384 U. S. 333) is misplaced, since that case is clearly inapposite. Appellant contends further that the trial court erred in denying his motion for a hearing prior to retrial to determine whether he was advised of his rights against self-incrimination and whether his statement was voluntary. The trial court properly determined that *Miranda* v. *Arizona* (384 U. S. 436) does not apply to a post-*Miranda* retrial of a pre-*Miranda* conviction (*People* v. *Sayers,* 22 N Y 2d 571, cert. den. 395 U. S. 970). *Sayers* (*supra*) also disposed of appellant's arguments that sections 464 and 544 of the Code of Criminal Procedure are controlling. The court ruled that the considerations of policy which underlie *Johnson* v. *New Jersey* (384 U. S. 719) do not require the State of New York to afford defendants the protection of *Miranda* in their post-*Miranda* retrials. There is no merit to appellant's contentions that pre-arraignment oral and written statements were inadmissible, without reference to voluntariness, since they followed an alleged illegal arrest. Nor is there merit in his contention that the pre-arraignment, oral and written statements were involuntary as a matter of law. Furthermore, these contentions were raised and rejected by this court when appellant's first conviction was before us for review. (*People* v. *La Belle,* 24 A D 2d 350.) We have examined the remainder of appellant's contentions and find them to be without merit. Judgment affirmed. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.