■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN DALE PIERCE, Appellant.—Appeal from a judgment of the Chenango County Court, rendered March 26, 1975, upon a verdict convicting defendant of the crimes of manslaughter in the first degree and felony murder in the course of attempted rape. On the afternoon of June 5, 1974, a 16-year-old high school girl disappeared from the City of Norwich, and it was not until over three months later, on September 23, 1974, that her unclothed and badly decomposed body was discovered near a shale pit a few miles outside of the city. Following a police investigation, defendant ultimately confessed to the attempted rape and murder of the girl, and a subsequent jury trial resulted in the judgment of conviction noted above. Based upon psychiatric testimony at the trial to the effect that defendant did not intend to rape the girl, defense counsel initially argues on this appeal that the evidence of attempted rape was insufficient. We disagree, however, and find that the record amply supports the jury's verdict on this point, particularly in view of defendant's admissions to the police that he took his victim to a secluded location, struggled with her, tore off her clothing and tried to rape her. Similarly, we cannot accept the argument of defense counsel that it was reversible error for the trial court to include in its definition of felony murder in its charge to the jury a murder committed by the perpetrator of a felony in the course of his "immediate flight therefrom". Concededly, this quoted language taken directly from the felony murder statute (Penal Law, § 125.25, subd 3) was not contained in the indictment, but the only evidence presented of a murder committed while in flight came from the testimony of a psychiatrist appearing as a witness for the defense. Moreover, since the People's case, which finds overwhelming support in the record, tended to

prove that the murder occurred either during the commission of the attempted rape or directly thereafter to silence the victim, this allegedly objectionable portion of the charge is thereby rendered irrelevant and harmless (cf. *People v La Belle,* 37 AD2d 658). Defendant's remaining contentions are also without merit. The trial court properly refused to charge the crime of criminally negligent homicide since it is not a lesser included offense of either murder *(People v Hille,* 42 AD2d 881) or felony murder *(People v Schleiman,* 197 NY 383), and no extraordinary circumstances are presented which would justify our disturbance of the sentences imposed upon defendant of 25 years to life for felony murder and a maximum of 25 years for manslaughter in the first degree (cf. *People v Caputo,* 13 AD2d 861). As to defendant's further contentions relating to the charge to the jury and the sufficiency of the evidence, they have likewise been examined and found to be lacking in substance, particularly in view of the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230). Judgment affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.