UNITED STATES of America ex rel. Paul ROBINSON, Petitioner,

v.

WARDEN, AUBURN CORRECTIONAL FACILITY, STATE OF NEW YORK, and District Attorney, Kings County, State of New York, Respondents.

No. 75 C 1852.

United States District Court, E. D. New York.

March 10, 1976.

Ronald M. Kleinberg, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen. by Joan P. Scannell, Asst. Atty. Gen., New York City, for respondents.

Memorandum of Decision and Order

MISHLER, Chief Judge.

Petitioner was convicted of the crimes of felony murder, attempted robbery in the first degree and attempted grand larceny. N.Y. Penal L. §§ 125.25(3), 110.00/160.15 and 110.00/155.30 (McKinney 1975), in Supreme Court, Kings County, in 1973. Petitioner was sentenced to concurrent terms of fifteen (15) years to life on the murder

charge, ten (10) years on the attempted robbery charge and a conditional discharge on the attempted grand larceny charge. Petitioner now seeks a writ of habeas corpus from this court, claiming that the trial court's charge violated the defendant's fifth and fourteenth amendment right to due process by requiring the defendant to prove his innocence on the felony murder charge. The petition claims that: (1) an erroneous notion was conveyed to the jury when the court instructed them that the defendant had interposed an affirmative defense and that in so doing, the petitioner had admitted his guilt to the underlying felony; and (2) by "in essence . . . declaring that the People had proved the charge of murder, which shifted the burden upon the defendant to come forth and testify to prove his innocence," the court relieved the state of its obligation to prove all the essential elements of the crime beyond a reasonable doubt as required in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 41 L.Ed.2d 508 (1975). For the reasons stated below, the court denies the writ and dismisses the petition.

## I. PETITIONER'S STATE TRIAL AND APPEAL

The facts of petitioner's criminal activity which were proven at trial, interpreted in the light most favorable to respondents,[1] were as follows.[2] On the night of the crime, the murder victim, Germaine Phillips, and her boyfriend, Alberto Greene, were in Lincoln Terrace Park. Petitioner and two other men, Gargo and George, entered the park and walked past Phillips and

1. *United States v. Singleton,* 532 F.2d 199 (2d Cir. 1976).

2. These facts are drawn from Respondents' Affidavit in Opposition at pp. 2–4.

3. The court's charge in pertinent part stated the following:

And the People have the burden of proving the defendant guilty beyond a reasonable doubt except to what we call an affirmative defense, which I will get to you later.

. . . . . .

Greene, then turned around and surrounded the couple. Wielding a knife, one of the men (not petitioner) ordered Greene to empty his pockets. Greene said he had no money. The other man (not petitioner) held a gun to Greene's stomach. When Greene attempted to escape from the robbers he was partially blocked by petitioner. The man with the gun fired and Phillips was fatally wounded.

Petitioner testified in his own defense at the trial. He stated that his walking in the park with Gargo and George was coincidental; that his presence in the park at the time and place they attempted the robbery was fortuitous and unpredictable; that he never discussed committing a robbery with Gargo and George; and that he did not know that Gargo and George intended to commit a robbery nor that they were armed.

## II. REVIEWABILITY OF PETITIONER'S CLAIMS

Petitioner appealed his conviction to the Appellate Division of the Supreme Court, Second Judicial Department, *People v. Robinson,* 43 A.D.2d 908, 351 N.Y.S.2d 647 (2d Dept. 1974) (aff'd. without opinion), and to the New York Court of Appeals, 36 N.Y.S.2d 224, 367 N.Y.S.2d 208, 326 N.E.2d 784 (1974). Petitioner's main contention on appeal was that the judge's charge mistakenly informed the jury that petitioner had asserted the affirmative defense to felony murder, and that the effect of the charge was to mislead the jury on the prosecutor's burden of proving petitioner's guilt.[3]

Petitioner's conviction was reviewed by New York's highest appellate court, and he

First, the People must prove that a homicide took place. And then comes the question of, what kind of a homicide was it, a murder, was it a manslaughter, and the law provides, gentlemen, that a person is guilty of murder when, acting alone or with one more other person, he commits or attempts to commit robbery, and in the course of and in furtherance of such crime or immediate flight therefrom, he or another participant, if there be any, causes the death of a person other than one of the participants.

. . . . . .

has therefore exhausted his state remedies and is properly before this court, 28 U.S.C. § 2254.

## III. DISCUSSION

 "A jury charge in a state trial is normally a matter of state law and is not reviewable on federal habeas corpus absent a showing that the alleged errors were so serious as to deprive defendant of a federal constitutional right. *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368

> The People have the burden of proving the defendant guilty beyond a reasonable doubt except in certain instances, and I read to you the section about a person being guilty of a murder when, acting alone or with one other person he commits or attempts to commit robbery and in the course of and in further-ance of such crime or of immediate flight therefrom he or another participant, if there be any, causes the death of a person other than one of the participants.
>
> Then, the law goes on to read, except that in any prosecution under this subdivision in which the defendant was not the only partici-pant in the underlined [sic] crime, as an af-firmative defense, the burden of proving this is on the defendant, that the defendant, one, did not commit the homicidal act or in any way solicit, request, command or importune or aid the commission thereof, and that he was not armed with a deadly weapon or any other instrument, article or substance . . [a]nd that he had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious injury.
>
> I told you that the burden is on the People to prove the defendant guilty beyond a rea-sonable doubt, but the defendant has the burden of proving all of those elements of his affirmative defense and the burden of prov-ing an affirmative defense rests upon the defendant. That means that it must be es-tablished by a fair preponderous [sic] of the credible evidence that the claim that the de-fendant makes is true.
>
> The credible evidence means the testimony or exhibits found to be worthy of being be-lieved. Preponderous [sic] means the greater part of such evidence. This does not mean the greater number of witnesses or greater amount of time taken by either side. The phrase refers to the quality of the evidence. That is, its consisting quality. The weight in effect is for you to determine.
>
> The law requires that, in order for a de-fendant to prevail, the evidence that supports his affirmative defense must appeal to you as

(1973); *Schaefer v. Leone,* 443 F.2d 182 (2d Cir.), *cert. denied,* 404 U.S. 939, 92 S.Ct. 277, 30 L.Ed.2d 251 (1971). . . . " *United States ex rel. Smith v. Montayne,* 505 F.2d 1355, 1359 (2d Cir. 1974). The judge's charge, here, though at times confusing, did not constitute a transgression of fundamen-tal constitutional guarantees. *United States ex rel. Colon v. Follette,* 366 F.2d 775 (2d Cir. 1966); *Grundler v. North Carolina,* 283 F.2d 798, 802 (4th Cir. 1960). The op-portunity for clarification was offered de-fendant[4] after the charge was given and

> more clearly representing what took place than opposed to his claim. If it does not and the weight is so evenly balanced that you would be unable to say which evidence has the greatest weight on either side, then you must resolve the question in favor of the People, because it is only if the evidence favors the defendant's claim, the evidence opposed to it, that you can find in favor of the affirmative defense for the defendant. You understand the fact that he has inter-posed this affirmative defense.
>
> Now, the burden of proving an affirmative defense is, as I say, on him.
>
> The burden of proving that he participated in this crime, that he was acting in concert, is on the People. In other words, if he were there with the intent to commit a crime and participates in it with that intent, then he is guilty, if you are satisfied as to that beyond a reasonable doubt.
>
> On the other hand, if you are satisfied beyond a reasonable doubt that he was there, that he intended to participate, but he did not know one of his fellow was armed—and there is no proof that he, here, himself com-mitted a homicide—no proof that he was armed, but he must prove that he had no reasonable ground to believe that any other participant intended to engage in the con-duct. The burden of proving that is on him. That's if you are satisfied beyond a reasona-ble doubt that he was not a mere spectator, if you are satisfied beyond a reasonable doubt that he was not.

4. In *United States ex rel. Smith v. Montayne,* where the petitioner claimed the charge "was confusing in a variety of ways", the court said, "It should be noted in addition that defendant's counsel did not request a specific charge, nor did he make objection to the judge's charge on any of the points currently before this court." 505 F.2d at 1359.

before the jury started to deliberate.[5] The claim of error was waived. *United States ex rel. Satz v. Mancusi,* 414 F.2d 90 (2d Cir. 1969); *United States v. Nasta,* 398 F.2d 283, 285 (2d Cir. 1968).

The New York felony murder statute, N.Y. Penal Law § 125.25(3) (McKinney 1975),[6] gives " . . . a non-killer defendant of relatively minor culpability a chance of extricating himself from liability for murder, though not, of course, from liability for the underlying felony."[7] The conditions under which a non-killer defendant may extricate himself are described in the statute as an affirmative defense. Petitioner's claim, based on the judge's use of the phrase "affirmative defense", therefore, indirectly challenges the constitutionality of the statute by reference to *Mullaney, supra. Mullaney* held that a Maine statute requiring a defendant charged with murder to prove that he acted in the heat of passion on sudden provocation in order to reduce the charge to manslaughter was a violation of due process, in that it relieved the prosecution from proving beyond a reasonable doubt an essential element of the crime of murder, *i. e.,* malice.[8]

The felony murder doctrine had its origin in the common law during an era when nearly all felonies were punishable by death. Because this often resulted in a barbaric application, the doctrine passed through a series of judicial and later legislative restrictions and limitations. However, both at common law and

---

5. The court asked counsel, "Do you have any exceptions?" Defendant's counsel answered, "I have no exceptions."

6. The text of N.Y. Penal Law § 125.25(3) is as follows:

> A person is guilty of murder in the second degree when:
>
> . . . . .
>
> 3. Acting either alone or with one or more other persons, he commits or attempts to commit robbery, burglary, kidnapping, arson, rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, escape in the first degree, or escape in the second degree, and, in the course of and in furtherance of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants; except that in any prosecution under this subdivision, in which the defendant was not the only participant in the underlying crime, it is an affirmative defense that the defendant:
>
> (a) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and
>
> (b) Was not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons; and
>
> (c) Had no reasonable ground to believe that any other participant was armed with such a weapon, instrument, article or substance; and
>
> (d) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury.

7. N.Y. Penal Law § 125.25 (McKinney's 1975), Practice Commentaries by Arnold D. Hechtman.

8. In *In re Winship, supra,* the court held that the prosecution was required to prove the underlying crime in a juvenile delinquency proceeding by proof beyond a reasonable doubt and implicitly held that § 744(b) of the New York Family Court Act, which provides that proof of the underlying criminal act may be established by a preponderance of the evidence, is unconstitutional.

Petitioner cites *Stump v. Bennett,* 398 F.2d 111 (8th Cir.) *cert. denied,* 393 U.S. 101, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968). In *Stump,* the court held that an Iowa statute requiring a defendant to plead and prove his alibi defense was constitutionally impermissible. The court held:

> " . . . when the burden of persuasion is shifted to the defendant to disprove essential elements of a crime, as it was in the instant case, then it is certain that the due process clause of the Fourteenth Amendment has been violated."

398 F.2d at 118.

The holding here is consistent with the holding in *Stump.* The court also said in *Stump:*

> " . . . an affirmative defense generally applies to justification for his admitted participation in the act itself."

398 F.2d at 116.

Though an affirmative defense may be in the nature of a confession and avoidance, it is not necessarily so. In the case at bar the affirmative defense offered by petitioner in no way admitted participation in the underlying felony. It went no further than to admit his fortuitous presence.

under the New York statute (supra), a felonious homicide is made murder in the first degree by operation of the legal fiction of transferred intent, which thereby characterizes the homicide as committed with malice prepense. It is the malice of the underlying felony that is attributed to the felon. Thus, a felony murder embraces not any killing incidentally coincident with the felony, but only those committed by one of the criminals in the attempted execution of the unlawful end. Although the homicide itself need not be within the common design, the *act* which results in death must be in furtherance of the unlawful purpose.

In other words, in order for a felon to be guilty of the homicide, the act (as in agency) must be "either actually or constructively his, and it cannot be his act in either sense unless committed by his own hand or by someone acting in concert with him or in furtherance of a common object or purpose . . . ." If the lethal *act* is in furtherance of their common purpose, the accomplice is guilty even though there was an express agreement not to kill, or even if he actually attempts to prevent the homicide.

*People v. Wood,* 8 N.Y.2d 48, 51–52, 201 N.Y.S.2d 328, 331–33, 167 N.E.2d 736 (1960) (citations and footnotes omitted). *See United States v. Branic,* 162 U.S.App.D.C. 10, 495 F.2d 1066, 1069 (1974); *United States v. Heinlein,* 160 U.S.App.D.C. 157, 490 F.2d 725, 735–36 (1973); 1 Wharton, Criminal Law and Procedure § 251.

Section 125.25(3)(a) was intended to alleviate the harsh result that existed under the predecessor statute (§ 1044(2) ),[9] by giving the defendant the opportunity " . . . to fight his way out of a felony murder charge by persuading a jury, by way of affirmative defense, that he not only had nothing to do with the killing itself but was unarmed and had no idea that any of his confederates was armed or intended to engage in any conduct dangerous to life. . . . . "[10] The prosecutor is not relieved of proving any essential element of the crime of felony murder under N.Y. Penal Law § 125.25(3) (McKinney 1975). Neither the statute nor the court's charge required the defendant to admit the commission of the underlying felony in order to assert his affirmative defense under the statute. Indeed, he took the witness stand and denied participation in the robbery attempt.

Reading the charge in its entirety, this court is convinced that the jury was fairly advised of the prosecution's burden in proving the guilt of the defendant of the felony murder charge by proof beyond a reasonable doubt, and of the statutory right granting the defendant the opportunity to exculpate himself from the murder by establishing his affirmative defense by a fair preponderance of the credible evidence.

Petitioner suggests that the mere requirement under the statute that a defendant assert an affirmative defense is violative of the due process clause. The Court in *Mullaney, supra,* made clear that it did not intend to strike the requirement in many statutes that a defendant show some evidence that he acted in the heat of passion "before requiring the prosecution to negate this element by proving the absence of passion beyond a reasonable doubt." 421 U.S. at 701 n. 28, 95 S.Ct. at 1891 n. 28.

█ The court finds N.Y. Penal Law § 125.25(3) (McKinney 1975) within the constitutional limits established in *In re Win-*

---

**9.** Section 1044 defined felony murder as:

The killing of a human being, unless it is excusable or justifiable . . . when committed:
 2. . . . by a person engaged in the commission of, or in an attempt to commit a felony, either upon or affecting the person killed or otherwise . . . . .

The statute did not provide a defense to a non-killer felon, no matter how peripheral his involvement in the felony.

**10.** N.Y. Penal Law § 125.25 (McKinney 1975), Practice Commentaries by Arnold D. Hechtman.

*ship* as explicated by *Mullaney,* and that the charge did not violate petitioner's right to due process.

The petition is dismissed, and it is

SO ORDERED.