■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOLPH STURGIS, JR., Appellant. — Judgment unanimously reversed, motion to suppress granted and new trial granted. Memorandum: Defendant has been convicted

after trial of two counts of felony murder, one count of burglary, third degree, one count of grand larceny, third degree and one count of petit larceny. The charges arise out of an incident during which defendant and another entered an unoccupied motel room and removed a television set and luggage. As they were leaving the parking lot in an automobile, a policeman saw them, became suspicious and followed them. A high speed chase ensued which ended approximately one-quarter mile from the motel when defendant's automobile struck a vehicle entering from a side street and killed the two occupants. Applying standards recently enunciated by the Court of Appeals, the judgment must be reversed and the motion to suppress defendant's postarrest statements granted because they were the result of interrogation taking place after criminal proceedings had commenced and after defendant's right to counsel had attached (see *People v Pepper,* 53 NY2d 213; *People v Samuels,* 49 NY2d 218) and because the statements were taken from defendant at a time when the arresting officer knew defendant was represented by counsel (see *People v Bartolomeo,* 53 NY2d 225). Since there must be a new trial, we note briefly that the court did not err in refusing to charge down from felony murder to manslaughter, second degree or criminally negligent homicide (see *People v Schleiman,* 197 NY 383, 390; *People v Pierce,* 51 AD2d 634, 635), and that the felony murder statute is not unconstitutional in that the doctrine of implied intent creates a mandatory presumption (see *Westberry v Mullaney,* 406 F Supp 407, 415, affd *sub nom. Westberry v Murphy,* 535 F2d 1333, cert den *sub nom. Westberry v Oliver,* 429 US 889; *Guam v Root,* 524 F2d 195, 197-198, cert den 423 US 1076; and see, also, *People v Fonseca,* 36 NY2d 133, 136-137 [dealing with felony assault]). (Appeal from judgment of the Supreme Court, Monroe County, Boehm, J. — murder, second degree, etc.) Present — Dillon, P. J., Simons, Hancock, Jr., Moule and Schnepp, JJ.