OPINION OF THE COURT
Edward C. Alfano, J.
Defendant, as part of his omnibus motion, moves to dismiss the indictment on the ground that subdivision 3 of section 125.25 of the Penal Law (felony murder statute) is unconstitutional.[1] The People oppose dismissal.[2]
Defendant has been indicted for murder in the second degree (felony murder), robbery in the first degree (two counts), and robbery in the second degree.
It is well settled that, “There is a strong presumption that a statute duly enacted by the Legislature is constitutional * * * the invalidity of the law must be demonstrated beyond a reasonable doubt” (People v Pagnotta, 25 NY2d 333, 337). Furthermore, courts of original jurisdiction should not set aside a statute as unconstitutional unless *844 that conclusion is inescapable (Matter of Van Berkel v Power, 16 NY2d 37).
With these principles in mind, the court will now address each of defendant’s contentions.
AFFIRMATIVE DEFENSE
Defendant claims that the affirmative defense established in section 125.25 (subd 3, pars [a]-[d]) of the Penal Law violates due process of law. Although defendant does not cite any cases in support of this proposition, the court presumes that defendant is referring to Mullaney v Wilbur (421 US 684).
Before the decision in Mullaney (supra), the Court of Appeals held that the affirmative defense to felony murder does not violate due process of law (People v Bornholdt, 33 NY2d 75, 83-86, cert den sub nom. Victory v New York, 416 US 905). After Mullaney, the Appellate Division, Third Department (People v Donovan, 53 AD2d 27), the Appellate Division, Fourth Department (People v Kampshoff, 53 AD2d 325) and the County Court, Dutchess County (People v Wise, 94 Misc 2d 943, Rosenblatt, J.) held that the affirmative defense in subdivision 3 of section 125.25 of the Penal Law does not violate due process. Federal courts which have addressed the New York statute after Mullaney have also upheld its constitutionality (Victory v Bombard, 570 F2d 66, 70, cert den sub nom. Victory v New York, 416 US 905, supra; United States ex rel. Robinson v Warden, 419 F Supp 1, 4-6, affd 538 F2d 313).
For the reasons stated in the above-mentioned cases, the court finds that the affirmative defense in subdivision 3 of section 125.25 of the Penal Law is constitutional, and does not violate defendant’s due process rights.
LACK OF ELEMENT OF INTENT
Defendant claims that subdivision 3 of section 125.25 of the Penal Law is unconstitutional in that it violates his due process and equal protections of the law rights because the statute does not contain as an element the intent to kill. Although not expressly argued, the court will consider two arguments in this regard. The first is that the lack of the element of intent is in and of itself violative of due process. The second is that the law presumes intent from *845 the commission of the underlying felony in violation of Mullaney v Wilbur (421 US 684, supra), and Sandstrom v Montana (442 US 510).
At common law intent to kill was not an element of felony murder (Commonwealth v Redline, 391 Pa 486, 493-495; State v Doucette, 143 Vt 573, 577-580). The rule has been severely criticized by many commentators (12 NY L Forum 565, 586-590; 33 Fordham L Rev 173, 196-199; 51 Ky LJ 59, 75-76; 65 Colum L Rev LQ 1496, 1499; LaFave & Scott, Criminal Law, p 560). The rule has also been severely criticized by various courts (People v Aaron, 409 Mich 672; 13 ALR4th 1180; Commonwealth ex rel. Smith v Myers, 438 Pa 218; State v Doucette, 143 Vt 573, supra; People v Dillon, 34 Cal 3d 441). The criticism centers around the fact that, under modern penology, a person should only be responsible for his mens rea, and felony murder has no mens rea. As a result of the criticism, Hawaii, Kentucky and England (the originators of the felony murder doctrine) abolished the felony murder doctrine (see State v Aaron, 409 Mich 672, supra; State v Doucette, 143 Vt 573, supra). Some courts viewing the felony murder doctrine as harsh have read into their particular statute a statutory element of “malice” or “malice aforethought” (Commonwealth ex rel. Smith v Myers, 438 Pa 218, supra; Evans v State, 28 Md App 640, affd 278 Md 197; State v Galoway, 275 NW2d 736 [Iowa]; Grant v State, 60 Tex Crim Rep 358; State v Millette, 112 NH 458; Commonwealth v Watkins, 375 Mass 472; People v Aaron, supra; State v Doucette, supra).
Justice White, writing for a majority of the Supreme Court in Enmund v Florida (458 US 782) stated that the lack of the element of intent in felony murder is a major factor in determining whether the death penalty imposed upon a nonshooter is violative of his Eighth Amendment right to be free from cruel and unusual treatment. Indeed, Justice White, in a concurring opinion in Lockett v Ohio (438 US 586) held that the lack of the element of intent in felony murder rendered the death penalty, even for the actual shooter, violative of the Eighth Amendment (cf. p 614, n 2, Blackmun, J., and pp 635-636, Rehnquist, J., dissenting, taking opposite view). Nonetheless, Justice White stated:
*846 “Under those circumstances the conclusion is unavoidable that the infliction of death upon those who had no intent to bring about the death of the victim is not only grossly out of proportion to the severity of the crime but also fails to contribute significantly to acceptable or, indeed, any perceptible goals of punishment.
“This is not to question, of course, that those who engage in serious criminal conduct which poses a substantial risk of violence, as did the present petitioners, deserve serious punishment regardless of whether or not they possess a purpose to take life. And the fact that death results, even unintentionally, from a criminal venture need not and frequently is not regarded by society as irrelevant to the appropriate degree of punishment” (p 626).
Justice White thus recognized that imposing punishment was proper but felt that imposing the death penalty was improper.
This court, however, does not have the liberty to interpret the statute as requiring intent, or “malice” or “malice aforethought”. The Court of Appeals and the Appellate Division have clearly stated that these are not elements of the New York statute (People v Berzups, 49 NY2d 417; People v Marwig, 227 NY 382, 387; People v Murray, 92 AD2d 617; People v Jones, 81 AD2d 22, 45). Thus, in New York, intent to kill is not an element of felony murder.
All the courts which have addressed this issue have ruled that the lack of the element of intent does not violate due process of law (People v Root, 524 F2d 195, 196-197, cert den 423 US 1076; Commonwealth v Redline, 391 Pa 486,491-493, supra; Brown v State,_Ind_,_, 448 NE2d 10,15; People v Dillon, 34 Cal 3d 441, supra). The rationale was aptly stated in People v Root (supra), where the court said: “Nothing in the United States Constitution deprives legislatures of the power to impose upon those who kill their victims in the course of inherently dangerous felonies the same sanctions they choose for those who kill their victims after meditation sufficient to satisfy the jurisdiction’s definition of first-degree murder” (p 197). It is for the Legislature and not for the courts to determine the proper elements of felony murder. Similar thoughts were ex *847 pressed by the California Supreme Court in People v Burton (6 Cal 3d 375, 388) where the court said: “This court has reiterated numerous times that ‘The purpose of the felony-murder rule is to deter felons from killing negligently or accidentally by holding them strictly responsible for killings they commit.’ (People v. Washington (1965) 62 Cal. 2d 777, 781 [44 Cal. Rptr. 442, 402 P. 2d 130].) The Legislature has said in effect that this deterrent purpose outweighs the normal legislative policy of examining the individual state of mind of each person causing an unlawful killing to determine whether the killing was with or without malice, deliberate or accidental, and calibrating our treatment of the person accordingly. Once a person perpetrates or attempts to perpetrate one of the enumerated felonies, then in the judgment of the Legislature, he is no longer entitled to such fine judicial calibration, but will be deemed guilty of first degree murder for any homicide committed in the course thereof.” The court therefore finds that the lack of the element of intent in felony murder does not violate due process of law or equal protection.
The second due process argument is that the law conclusively presumes intent from the commission of the underlying felony. It is argued that this violates the principle set forth by the United States Supreme Court in Mullaney v Wilbur (421 US 684, supra) and Sandstrom v Montana (442 US 510, supra). In New York, “ ‘the malicious and premeditated intent [is] by implication of law, transferred from such offense to the homicide which was actually committed, so as to make the latter offense a killing with malice aforethought’ ” (People v Nichols, 230 NY 221, 227). To put it another way, “in felony murder the underlying felony is not so much an element of the crime but instead functions as a replacement for the mens rea or intent necessary for common-law murder” (People v Berzups, 49 NY2d 417,427, supra).
The courts which have addressed this issue universally held that notwithstanding this “presumption” the statute is constitutional (People v Sturgis, 86 AD2d 775; People v Root, 524 F2d 195, 197-198, cert den 423 US 1076, supra; Westberry v Mullaney, 406 F Supp 407, 415-417, affd sub nom. Westberry v Murphy, 535 F2d 1333, cert den sub nom. *848 Westberry v Oliver, 429 US 889; State v Sims,_W Va_, _, 248 SE2d 834, 841; State ex rel. Peacher v Sencindiver, _ W Va _, _, 233 SE2d 425, 427; State v Wanrow, 91 Wn 2d 301, 309-310; State v Bradley, 210 Neb 882, 883-884; Commonwealth v Moran, 387 Mass 644; James v State, 637 P2d 862, 865 [Okla]; State v Nowlin, 244 NW2d 596, 604-605 [Iowa]; People v Dillon, 34 Cal 3d 441, 472-473, supra; State v Womble, 292 NC 455, 457-459). The rationale of these decisions is that since intent is not an element of the crime in reality there is no presumption of intent. Other courts hold their statute constitutional because the presumption is a rule of law and not a true presumption (State v Swift, 290 NC 383, 406-408; Gore v Leeke, 261 SC 308; People v Dillon, supra, pp 474-475).
For the reasons stated, the court finds that subdivision 3 of section 125.25 of the Penal Law does not violate due process of law.
EQUAL PROTECTION
Defendant argues that his rights under the equal protection of law have been violated because the New York statute only specifies certain felonies as underlying felonies for felony murder, while other felonies cannot be used as underlying felonies. Prior to the enactment of the current felony murder statute, all felonies could be used as underlying felonies (People v Gladman, 41 NY2d 123,128; People v La Marca, 3 NY2d 452, 465; People v Wood, 8 NY2d 48, 51, n 2; for a statutory history of the New York statutes, see 20 Cornell LQ 288, 292-294). In People v Fonseca (36 NY2d 133, 136), the court explained the current felony murder statute: “Formerly, the felony murder statute was unusually broad and all embracive. Its application in some cases, especially nonviolent felonies where an accidental or not reasonably foreseeable fatality occurred, was exceptionally harsh. The change from the former law was deliberate, its effect ameliorative, and brought the law of felony murder into line with that in the vast majority of other jurisdictions by specifically limiting its application to felonies involving violence or substantial risk of serious injury and death. (See Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 125.25; see, also, People v. Bornholdt, 33 N Y 2d 75, 85.)”
*849 It is clear that the New York Legislature has determined that only felonies involving violence or substantial risk of serious injury or death should provide a basis for felony murder.[3] This provides the rational basis for distinguishing between the enumerated felonies and the nonenumerated felonies. It is the concept of the inherently dangerous felonies that has led other jurisdictions to uphold the constitutionality of distinguishing between different felonies (Commonwealth v Matchett, 386 Mass 492; James v State, 637 P2d 862, 865 [Okla], supra; State v Harrison, 90 NM 439, 441-443; State v Thompson, 280 NC 202, 211; Gore v Leeke, 261 SC 308, supra; Osborn v State, 672 P2d 777, 794 [Wyo]; State v Crump, 232 Kan 265; see the discussion in Ann., 50 ALR3d 397).
It cannot be doubted that robbery is a crime involving violence or substantial risk of serious injury (People v Santiago, 62 AD2d 572, 579, affd 48 NY2d 1023). Defendant is charged with a homicide committed during the course of and in furtherance of a robbery. There is, therefore, as to him a logical basis upon which to impose criminal sanctions. Defendant’s equal protection of the law right has not been violated.
In summary, as was stated in State v Goodseal (220 Kan 487, 493-494): “The felony murder rule represents a long standing policy of this state. We have already indicated its rationale — to furnish an added deterrent to the perpetration of felonies which, by their nature or the attendant circumstances, create a foreseeable risk of death. ‘The legislature, acting in the exercise of the police power of the state, is empowered to enact measures in furtherance of the public welfare and safety, and its enactments in such areas are not to be judicially curtailed where they reasonably relate to the ends sought to be attained. Classification honestly designed to protect the public from evils which might otherwise arise are to be upheld unless they are unreasonable, arbitrary or oppressive’ (State v. Weathers, 205 Kan. 329, Syl. para. 1 & 2, 469 P. 2d 292). The felony *850 murder rule, designed as it is to protect human life, represents sound public policy, is reasonably related to the end sought to be accomplished and is not constitutionally impermissible.”
The court finds that there is nothing unconstitutional in the felony murder doctrine in New York.
The motion is denied in all respects.

. This motion is made in violation of section 71 of the Executive Law. Nonetheless, because of the result herein, the court will address the merits of the motion (People v Darson, 48 AD2d 931).

. The form and substance of the People’s opposition is a statement that they oppose dismissal of the indictment on the basis that subdivision 3 of section 125.25 of the Penal Law is unconstitutional. They do not give any reason for their conclusion.

. The only violent felony which cannot be used as an underlying felony in New York is assault. This is the rule because our Court of Appeals has held that the assault merges with the homicide (People v Moran, 246 NY 100; cf. State v Wanrow, 91 Wn 2d 301, supra; see, also, Ann., 40 ALR3d 1341, 1345-1346).