**Jerome ROSENBERG, Petitioner,**

v.

**R.J. HENDERSON, Superintendent, Auburn Correctional Facility; Robert Abrams, Attorney General; Elizabeth Holtzman, District Attorney, County of Kings, Respondents.**

**No. 89 CV 0839.**

United States District Court,
E.D. New York.

April 3, 1990.

Jerome Rosenberg, pro se.

Earle Giovanniello, (Elizabeth Holtzman, Dist. Atty., Brooklyn, N.Y., Kings County), for respondents.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition is denied.

### FACTS

On February 18, 1963 petitioner was convicted in New York Supreme Court, Kings County, for murder in the first degree. New York Penal Law § 1044(2) (McKinney 1944). Petitioner received a sentence of death, which was commuted to life imprisonment in October 1965 by executive order of the governor.

Petitioner filed numerous appeals in the New York and federal courts, including a petition for certiorari to the United States Supreme Court which was denied. *New York v. Rosenberg*, 382 U.S. 1009, 86 S.Ct. 612, 15 L.Ed.2d 1009 (1966). Petitioner has also pursued several applications for habeas corpus relief, including a petition filed before this court alleging grounds separate from those listed in the present petition. The prior petition was denied. *U.S. ex rel. Rosenberg v. Shubin*, Docket No. 73–CR–532 (E.D.N.Y.1974).

Petitioner now renews a motion for a writ of habeas corpus, alleging specifically that New York's felony murder statute is unconstitutional.

### DISCUSSION

Petitioner contends that because New York's felony murder statute is unconstitutional, he "could never have been indicted as the grand jury lacked jurisdiction to indict for felony murder and the trial court was devoid of jurisdiction to try the case." Petition at 9. According to petitioner, the absence of the element of intent to kill is fatal to the statute's constitutionality. Petitioner cites the Supreme Court decision of *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), claiming that it "invalidates the substantive offense of felony murder." Petition at 7. Petitioner further relies on the more recent Supreme Court decision of *Tison v. Arizona*, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987), to buttress his attack on the constitutional validity of New York's former felony murder statute. Petitioner's reliance on such authority, however, is misplaced.

The cases cited by petitioner deal with an entirely separate and distinct area of law, namely, eighth amendment prohibition against the death penalty where such criminal punishment would be constitutionally excessive in light of the underlying crime. In *Enmund*, the court decided that the imposition of the death penalty upon a defendant was unconstitutional because of defendant's peripheral involvement in the crime. The *Enmund* defendant had been convicted of felony murder for helping a co-defendant and another individual escape following the robbery and murder of an elderly couple. Because the defendant did not intend to kill and had not participated in the killing, the Supreme Court concluded:

> *For the purposes of imposing the death penalty,* Enmund's criminal culpability must be limited to his participation in the robbery, and his punishment must be tailored to his personal responsibility and moral guilt.

458 U.S. at 801, 102 S.Ct. at 3378 (*emphasis added*).

The Supreme Court again spoke on the *Enmund* culpability requirement in *Tison v. Arizona*, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987). The *Tison* court examined a defendant's participation in the underlying felony and found that "major participation in the felony committed, combined with reckless indifference to human life, is sufficient to satisfy the *Enmund* culpability requirement." *Id.* at 158, 107 S.Ct. at 1688. Because petitioner does not face a sentence of death, neither *Enmund* nor *Tison* are applicable to this case.

On the facts established at petitioner's trial, a life sentence does not constitute cruel and unusual punishment. The underlying crime involved the shooting death of two police officers during the course of a robbery. Resp. Mem. at 1. *See Carmona v. Ward*, 576 F.2d 405, 409–414 (2d Cir.),

*cert. denied,* 439 U.S. 1091, 99 S.Ct. 874, 59 L.Ed.2d 58 (1979). *See also Bellavia v. Fogg,* 613 F.2d 369, 372–374 (2d Cir.1979); *People v. Broadie,* 37 N.Y.2d 100, 371 N.Y. S.2d 471, *cert. denied,* 423 U.S. 950, 96 S.Ct. 372, 46 L.Ed.2d 287 (1975).

Putting aside petitioner's misdirected focus on *Enmund* and *Tison,* the New York felony murder statute [1] is not unconstitutional for its lack of the element of an intent to kill. In *People v. Sturgis,* 86 A.D.2d 775, 448 N.Y.S.2d 61 (4th Dep't 1982), the court held that "the felony murder statute is not unconstitutional in that the doctrine of implied intent creates a mandatory presumption." *Id.* at 776, 448 N.Y.S.2d 61 (*citing Westberry v. Mullaney,* 406 F.Supp. 407, 415, *aff'd sub nom. Westberry v. Murphy,* 535 F.2d 1333 (1st Cir.), *cert. denied,* 429 U.S. 889, 97 S.Ct. 245, 50 L.Ed.2d 172 (1976)). *See also Guam v. Root,* 524 F.2d 195 (9th Cir.), *cert. denied,* 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86 (1976); *People v. Fonseca,* 36 N.Y.2d 133, 136–137, 365 N.Y.S.2d 818, 325 N.E.2d 143 (dealing with felony assault); *People v. Benson,* 125 Misc.2d 843, 850, 480 N.Y.S.2d 811, 816 (1984) (finding that "there is nothing unconstitutional in the felony murder doctrine in New York.").

Consequently, petitioner's argument attacking New York's felony murder statute as unconstitutional is without merit.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus must be, and hereby is, denied.

SO ORDERED.

---

1. The felony murder doctrine in former Penal Law § 1044(2) remains fundamentally unchanged in Penal Law § 125.25(3), but for an affirmative defense appended to the new statute which reads "... it is an affirmative defense that the defendant:

   (a) Did not commit the homicidal act or in any solicit, request, command, importune, cause or aid the commission thereof; and

   (b) Was not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons; and

   (c) Had no reasonable ground to believe that any other participant was armed with such a weapon, instrument, article or substance; and

   (d) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury." § 125.25(3).