■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES K. WARD, Appellant. [597 NYS2d 178] —Mahoney, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 19, 1991, upon a verdict convicting defendant of the crimes of murder in the

second degree (two counts), sexual abuse in the first degree and attempted rape in the first degree.

The convictions challenged on this appeal stem from the violent death of a woman whose beaten and partially clad body was discovered on July 8, 1990 in a parked car in the Town of Horseheads, Chemung County. An autopsy revealed multiple bruising, extensive blunt trauma to the face and head, and vaginal lacerations. Cause of death was attributed to manual strangulation. Upon receiving information that the victim was last seen in defendant's company, police focused their initial investigation upon him and brought him in for questioning. After being given *Miranda* warnings, defendant admitted in written, signed statements that he attempted to have sexual relations with the victim and began striking and choking her when she resisted. Based upon this, he was arrested and subsequently indicted on two counts of murder in the second degree (Penal Law § 125.25 [3] [felony murder] and Penal Law § 125.25 [2] [depraved mind murder]), sexual abuse in the first degree and attempted rape in the first degree. Following an unsuccessful motion to suppress his inculpatory statements, the matter proceeded to trial and defendant was convicted as charged. He was sentenced to concurrent prison terms of 25 years to life on the two murder convictions, 2⅓ to 7 years on the sexual abuse charge and 5 to 15 years on the attempted rape charge. Claiming error in the denial of his various pretrial and trial motions, defendant now appeals.

We affirm. Contrary to defendant's assertions, we see no error in County Court's denial of his motions to dismiss the indictment at the close of the prosecution's case on the ground of insufficient evidence. Defendant's admissions that he was determined to have sexual relations with the victim even if she resisted, that he inserted his finger into her vagina and struck her repeatedly when she resisted, accompanied by the physical evidence of trauma to the victim's body, the fact that she was found unclothed from the waist down and the presence of lacerations on defendant's back (which are consistent with the use of force and/or resistance by the victim), belie any argument that insufficient evidence existed from which the jury could infer that defendant possessed the requisite intent to rape and that forcible compulsion was used so as to sustain the sexual abuse and attempted rape charges *(see, e.g., People v Troy,* 119 AD2d 880, *appeal dismissed* 68 NY2d 998). As regards the depraved mind murder charge, it cannot be doubted that defendant's actions in repeatedly striking and strangling this frail 59-year-old woman, who was just above

five feet tall, weighed 90 pounds and suffered from emphysema, to the point of rendering her unconscious and then simply abandoning her provide more than ample evidence to sustain an objective finding that his acts were acts of imminent dangerousness *(see, People v Poplis,* 30 NY2d 85, 88).

Nor are we persuaded that County Court erred in denying defendant's motion to suppress his second inculpatory statement. While this statement was made following a brief, 5 to 10 minute recess, it was not necessary to readminister the *Miranda* warnings upon resumption of the questioning *(see, People v Vasquez,* 183 AD2d 864; *People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021). Moreover, we are satisfied that while the questioning period was lengthy, the conduct of the police did not reach a level that overbore defendant's will.

We have reviewed defendant's remaining contentions and find them to be without merit. As a final matter, we note that a defendant's intoxication is not a defense to criminality. Although it may be offered to negative an element of a charged crime, because the issue of whether one's conduct occurred under circumstances evidencing a depraved indifference to human life "is not an element in the traditional sense but rather a definition of the factual setting in which the risk creating conduct must occur" *(People v Register,* 60 NY2d 270, 276, *cert denied* 466 US 953), it is well established that such cannot be negatived by evidence of a defendant's intoxication *(see, supra).* Accordingly, we see no error in County Court's denial of defendant's request to charge the jury as to the effects of intoxication as it related to the depraved mind murder charge.

Weiss, P. J., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.