**Bruce HAIMS, Petitioner–Appellant,**

v.

**Daniel A. SENKOWSKI, Respondent–Appellee.**

No. 03–2784.

United States Court of Appeals, Second Circuit.

Nov. 4, 2004.

Laurie S. Hershey, Manhasset, NY, for Petitioner–Appellant.

Tammy J. Smiley, Assistant District Attorney (Christin N. Connell, Assistant District Attorney), for Denis Dillon, District Attorney, Nassau County, NY, for Respondent–Appellee, of counsel.

Present: WINTER, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Petitioner-appellant Bruce Haims appeals from the judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) denying his petition for a writ of habeas corpus. On March 5, 2004, this Court issued a certificate of appealability with respect to Haims's claim that the evidence adduced at his state trial was insufficient to support his New York state convictions for attempted rape and, thus in turn, for felony murder predicated on the attempted rape. We assume the parties' familiarity with the underlying facts and procedural history of the case. For the reasons that follow, we affirm.

"We review a district court's denial of a petition for writ of habeas corpus *de novo* and its factual findings for clear error." *Baldayaque v. United States,* 338 F.3d 145, 150 (2d Cir.2003) (internal quotation marks omitted). Where, as here, a petitioner attacks his state conviction on sufficiency grounds, the relevant inquiry on habeas review is " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Wheel v. Robinson,* 34 F.3d 60, 66 (2d Cir.1994) (emphasis in original) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Be-

cause Haims's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this case. *See McKinney v. Artuz,* 326 F.3d 87, 95 (2d Cir.2003). Under AEDPA, a federal court may grant habeas relief with respect to a constitutional challenge adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1) (2000), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2) (2000). The parties in this case do not address the interplay of AEDPA and *Jackson,* that is whether the state court adjudicated Haims's federal sufficiency claim on the merits[1] and if so, whether under AEDPA, Haims was required to show that the state court unreasonably decided that a rational jury could have found the elements of the crime beyond a reasonable doubt. We, however, do not need to resolve these questions here because we would reach the same conclusion in this case irrespective of whether *Jackson* applied as stated or whether AEDPA's more deferential inquiry controlled. *See e.g., Chein v. Shumsky,* 373 F.3d 978 (9th Cir.2004) (declining to consider the impact, if any, of AEDPA on the *Jackson* standard.).

In evaluating the sufficiency of the evidence supporting a state conviction, we look "to state law to determine the elements of the crime." *Fama v. Comm'r of Correctional Services,* 235 F.3d 804, 811 (2d Cir.2000). At issue in this case are New York Penal Law sections 130.35 and 110.00. These sections provide in turn: "a person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person ... [b]y forcible compulsion," N.Y. Penal Law § 130.35(1); and "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime," N.Y. Penal Law § 110.00.

Haims argues that the evidence presented at his state trial was insufficient to establish the elements of attempted rape, and thus of felony murder, under New York law because the state failed to prove: (1) that he "intended" to rape Sharon when he bludgeoned her with the club; (2) that he committed an overtly sexual act; and (3) that an "extraneous intervening force" prevented him from completing the allegedly intended rape. The state counters that Haims's claims rightly understood present questions of state law and as such are not cognizable on federal habeas review. *See Bates v. McCaughtry,* 934 F.2d 99 (7th Cir.1991). We, however, need not address this issue because even assuming that Haims has properly raised sufficiency, as opposed to state law, challenges, we find that the evidence was sufficient to allow a rational jury to convict.

First, a rational jury could have found beyond a reasonable doubt that Haims intended to rape the victim, Pamela Sharon, when he initially struck her in the head, given that this act was completely consistent with Haims's avowed intent, as relayed by Detective Alger, to force Sharon to have sex with him when she exited

---

1. We have held that a state court adjudicates a federal constitutional claim on the merits, even where it applies a state law, as opposed to federal, standard, so long as the "standard applied by the state court is not 'diametrically different, opposite in character or nature, or mutually opposed' to the [federal] standard." *Lindstadt v. Keane,* 239 F.3d 191, 198 (2d Cir.2001).

the shower and to use the wooden club as a weapon to accomplish this desire. Indeed, Haims's own psychiatric expert testified that at the instant Haims raised the club to strike Pamela Sharon, his intent was to scare her into having sex with him. Even if Haims abandoned his expressed intent to rape Sharon at some point during his savage beating of her, a rational jury need not have concluded that this point came before Haims struck the first blow to Sharon's head.

■ Nor is there any support for Haims's assertion that New York law requires proof of a sexual overture to satisfy the overt act element of attempted rape. To be sure, the defendants in the cases relied upon by Haims committed more overtly sexual conduct than that perpetrated by Haims. But the sexual, as opposed to violent, nature of the defendants' conduct in those cases appears to have been relevant primarily to show that the defendants intended to commit rape, not that they undertook overt acts dangerously close to the commission of rape. *See People v. Ward,* 192 A.D.2d 880, 597 N.Y.S.2d 178 (1993); *People v. Tarnowski,* 148 A.D.2d 1001, 539 N.Y.S.2d 232 (1989); *People v. Troy,* 119 A.D.2d 880, 500 N.Y.S.2d 436 (1986); *People v. Pierce,* 51 A.D.2d 634, 378 N.Y.S.2d 820 (1976). In our view, the uncontested evidence that Haims struck Sharon in the head with a club while she was in a state of undress was sufficient to allow a rational jury to conclude that Haims engaged in conduct "very near to the accomplishment" of rape. *People v. Rizzo,* 246 N.Y. 334, 158 N.E. 888, 889 (1927).

■ Finally, we reject Haims's contention that the existence of an "intervening, extraneous" force is a necessary element of attempted rape under New York law. To be sure, the Court of Appeals stated in *Rizzo* that "[t]he law ... considers those acts only as tending to the commission of the crime which are so near to its accomplishment that in all reasonable probability the crime itself would have been committed, but for *timely interference.*" 158 N.E. at 889 (emphasis supplied). But *Rizzo,* at most, requires proof of a "timely interference"; Haims has offered no support for his assertion that this "timely interference" must be "extraneous," that is that it must come from outside the defendant. Moreover, to the extent that a "timely interference" is, in fact, a necessary element of New York criminal attempt law, a rational jury could have concluded beyond a reasonable doubt that Haims's "uncontrolled spasm of violence" constituted such an interference.

Accordingly, the judgment of the district court is **AFFIRMED.**