THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. GRIFFIN, Appellant. [837 NYS2d 812]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 7, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the

second degree, kidnapping in the second degree, sexual abuse in the first degree (two counts), rape in the first degree (three counts), sodomy in the first degree (four counts), burglary in the first degree, assault in the second degree (two counts), robbery in the first degree, and robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, burglary in the first degree (Penal Law § 140.30 [2]), kidnapping in the second degree (§ 135.20), two counts of sexual abuse in the first degree (§ 130.65 [1], [3]), and three counts of rape in the first degree (§ 130.35 [1], [3]). Contrary to defendant's contention, County Court did not err in failing to conduct an inquiry with respect to the alleged misconduct of a sworn juror and in concluding that the juror did not violate the court's admonition not to discuss the case. The record establishes that the juror had a limited exchange with an acquaintance who was the husband of an assistant district attorney not involved in the case, during which the juror simply indicated that he was serving on a jury. The court properly determined that the limited exchange did not render the juror "grossly unqualified to serve" (CPL 270.35 [1]; *see People v Stephens*, 22 AD3d 691 [2005], *lv denied* 6 NY3d 781 [2006]; *see also People v Clark*, 28 AD3d 1190 [2006]; *People v Telehany*, 302 AD2d 927, 928-929 [2003]). The record establishes that prospective jurors were not asked during voir dire whether they knew anyone in the District Attorney's office, and thus defendant's further contention that the juror had lied during voir dire with respect to such an acquaintance lacks merit (*cf. People v Havner*, 19 AD3d 508 [2005], *lv denied* 5 NY3d 789 [2005]; *People v Rojas*, 15 AD3d 211, 212 [2005], *lv denied* 4 NY3d 856 [2005]). Contrary to defendant's further contention, the court "did not err in submitting to the jury a verdict sheet with 'identifying factual annotations, such as [the] dates' " of the incidents forming the basis of each count in the indictment (*People v Turner*, 247 AD2d 821, 821 [1998], *lv denied* 91 NY2d 1013 [1998]).

Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to the conviction of sexual abuse in the first degree inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that challenge lacks merit. We reject defendant's contention that the evidence is legally insufficient with respect to the element of forcible

compulsion. The People presented the statement of defendant that he touched the vagina of the four-year-old victim on the outside of her clothing and stuck his finger in her vagina, and the testimony of an examining physician who found "significant irritation and redness around the entrance to the vagina [and] some fresh blood coming out of the vagina." We thus conclude that "the jury could reasonably infer that the sexual contact was perpetrated by forcible compulsion" (*People v Bailey*, 252 AD2d 815, 817 [1998], *lv denied* 92 NY2d 922 [1998]; *see* Penal Law § 130.00 [8]; *People v Ward*, 192 AD2d 880, 881 [1993], *lv denied* 81 NY2d 1082 [1993]). Contrary to defendant's further contention, the verdict with respect to sexual abuse in the first degree is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to resolve credibility issues in favor of the People, and it cannot be said that the jury failed to give the evidence, including defendant's statement and the DNA evidence linking defendant to the crimes, the weight it should be accorded (*see generally id.; People v Walek*, 28 AD3d 1246 [2006], *lv denied* 7 NY3d 764 [2006]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Centra and Peradotto, JJ.