Appeal from a judgment of the Supreme Court, Chautauqua County (Richard C. Kloch, Sr., A.J.), rendered July 5, 2005. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree (two counts), criminal mischief in the second degree (three counts), and grand larceny in the fourth degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him of two counts of grand larceny in the third degree (Penal Law § 155.35), one count of grand larceny in the fourth degree (§ 155.30 [1]), and three counts of criminal mischief in the second degree (§ 145.10). The charges arose from three incidents in which defendant allegedly stole and damaged trees from three victims.
Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence by failing to renew his mo *1193 tion for a trial order of dismissal after presenting evidence (see People v Lane, 7 NY3d 888, 889 [2006]; People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Griffin, 41 AD3d 1285, 1286 [2007], lv denied 9 NY3d 923, reconsideration denied 9 NY2d 990 [2007]). The verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, Supreme Court properly denied his motion to sever the counts of the indictment with respect to each victim. The offenses against each victim were joinable under CPL 200.20 (2) (b) because evidence of the theft from each victim would be material and admissible as evidence-in-chief with respect to the other two victims and, “once the offenses were properly joined, the court lacked the statutory authority to sever” (People v Cornell, 17 AD3d 1010, 1011 [2005], lv denied 5 NY3d 805 [2005]; see People v Bongarzone, 69 NY2d 892, 895 [1987]; People v Lane, 56 NY2d 1, 7 [1982]; People v Fontanez, 278 AD2d 933, 934-935 [2000], lv denied 96 NY2d 862 [2001]). Present— Hurlbutt, J.E, Centra, Fahey, Fine and Gorski, JJ.