## (February 25, 1972)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK SANDERS, Appellant.— Judgment reversed on the law and facts and indictment dismissed. Memorandum: On December 20, 1969 Chester Liskiewicz was stabbed and died a few days later in a Buffalo hospital. Defendant, Frank Sanders, and two codefendants were charged with common-law murder, felony murder and attempted robbery in the first and second degrees. Following a jury trial, one codefendant (Reese) was found guilty of murder and attempted robbery in the first degree, the other codefendant (Spell) was acquitted, and defendant Sanders was found guilty of assault in the second degree (under the felony-murder count) and attempted robbery in the second degree. ¶ The convictions against defendant Sanders may not stand since there was not sufficient evidence to support the verdict of attempted robbery. Witness Giles' testimony that defendant Reese said "Let's mug him" (referring to the victim) was charged by the trial court to be considered only as against defendant Reese but not against defendants Sanders and Spell "and you are to draw no inference whatsoever from that statement as to the intentions of the other two defendants." There was no proof that Sanders heard Reese's statement, nor that Sanders asked for, received or attempted in any way to take money from the victim. There must be evidence of intent (Penal Law, § 110:00; *People* v. *Weis*, 32 A D 2d 856), not found in this record, without which the conviction for attempted robbery in the second degree must be reversed. ¶ For the same reason the defendant Sanders' conviction for assault in the second degree under the felony-murder count must also be reversed. The trial court properly charged the jury that the felony assault sections of the Penal Law require proof that the defendant intends to cause either physical injury (Penal Law, § 120.05) or serious physical injury (Penal Law, § 120.10) in the commission or attempted commission of a felony. Absent the intent to commit a robbery, there is not the requisite intent needed to support a conviction for assault second. ¶ Further, the indictment against Sanders must be dismissed, since jeopardy attached with respect to the lesser included offenses under the first count of the indictment (common-law murder), which was dismissed against defendant Sanders at the close of the entire case (CPL 40.20; N. Y. Const., art. I, § 6; *Benton* v. *Maryland*, 395 U. S. 784). ¶ All concur, except Witmer, J., who dissents and votes to affirm the judgment, and Moule, J., who dissents and votes to affirm the judgment in the following memorandum: I dissent and vote to affirm. On the evening of December 20, 1969, defendant Frank Sanders and two codefendants were roaming the City of Buffalo streets with four or five other youths. At around 6:30 or 7 o'clock, one of the group snatched a purse from a woman on Herman Street. They remained together and around 8:30 or 9 o'clock, another purse was snatched on Stanton Street near Broadway. From there, they proceeded to a tavern where one of the group secured change for a five

dollar bill taken in the second purse snatching. While standing outside the tavern, one of the codefendants, Benny Reese, observed the victim, Chester Liskiewicz, down the street a way. He said, "Let's mug him," and started running toward him. While this statement was stricken as to the defendant Sanders, the proof established that he ran with Reese toward the victim and kicked him after Reese had knocked him to the ground. ¶ The majority agree that there was sufficient evidence of intent to rob on the part of Reese, but find a lack of such intent with respect to Sanders. When two or more persons act in concert, each is criminally responsible for the acts of the other. (Penal Law, § 20.00; *People* v. *Hardy*, 34 A D 2d 843.) ¶ I believe that whether Reese and Sanders were acting independently or in concert was a question of fact for the jury (cf. *People* v. *Mussenden*, 308 N. Y. 558), and that the convictions should be affirmed. (Appeal from judgment of Erie County Court, convicting defendant of assault, second degree, and attempted robbery, first degree.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.