■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGELO CAMACHO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 7, 1973, convicting him of criminal possession of a dangerous drug in the first degree (Penal Law, former § 220.23), upon a jury verdict, and sentencing him to a prison term of 15 years to life. Judgment reversed, on the law and the facts, and indictment dismissed. When possession of contraband is the crime charged, the possession must be conclusively shown. "The crime of possessing dangerous drugs requires a physical or constructive possession with actual knowledge of the nature of the possessed substance" (*People* v. *Reisman,* 29 N Y 2d 278, 285). From the actual or constructive possession, knowledge may be inferred (*id.*). And, while the possession need not be exclusive, i.e., the contraband may be jointly possessed (*People* v. *Handford,* 40 A D 2d 529), the defendant's constructive control must

be established (*People* v. *Santiago*, 45 A D 2d 1041). Two policemen on robbery patrol testified that they observed appellant in the company of another who held a brown paper bag later analyzed to contain heroin. The policemen's suspicions were aroused by the bag (in their experience such ordinary bags are used to carry burglary tools), the location in which the men were observed, and the men's failure to gain entrance to the house from the doorway at which they stood. Suspecting that a crime was in the offing, the policemen asked the men to identify themselves (CPL 140.50). At this point, with appellant 10 feet away from the codefendant, the latter dropped the bag out of sight. The testimony failed to establish that appellant was in constructive possession of the contraband so as to then imply knowledge. His acts were as consonant with innocence as with guilt, and the evidence was insufficient to sustain the conviction (*People* v. *Patello*, 41 A D 2d 954). Martuscello, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.