Jasen, J.
Defendant, while in possession of a stolen automobile and being pursued by police, struck a taxicab, injuring two occupants of the taxicab. Following :a trial, he was con *135 victed of criminal possession of stolen property, two counts of felony assault, unauthorized use of a motor vehicle and possession of a dangerous instrument.
The principal question presented on this appeal is whether the felony of criminal possession of stolen property may serve as a predicate for a felony assault -conviction pursuant to subdivision 6 of section 120.05 of the Penal Law.*
The argument is made that the Legislature in enacting the felony assault provision intended to limit the predicate felonies giving rise to felony assault in 'the same manner as it had limited the predicate felonies for felony murder. (Penal Law, § 125.25, subd. 3.) By analogy to the felony murder statute, defendant urges that only a dangerous felony may serve as a predicate for a felony assault conviction. In other words, the contention is that since the underlying felony — criminal possession of a stolen vehicle — is nondangerous, the felony assault convictions cannot stand.
We disagree. The legislative intent may be inferred from the specific language of the statute. On its face, the language of the statute is clear and unambiguous — “ A person is guilty of assault in the second degree when * * * [i]n the course of and in furtherance of the commission or attempted commission of a felony * * * he * * * causes physical injury to a person other than one of the participants. ’ ’ The statute does not specify that only felonies of a violent nature, such as enumerated in subdivision 3 'of section 125.25, may be the basis for a felony assault conviction. On the contrary, a reading of the two statutes makes it abundantly clear that while the felony murder statute specifically enumerates the felonies which may serve as a predicate for a felony murder conviction, the felony assault statute does not. Indeed, we believe, the Legislature dearly intended to distinguish the two crimes, as evidenced by *136 the fact that when the new Penal Law was enacted in 1967, only-one of the two statutes was revised.
Formerly, the felony murder statute was unusually broad and all embracive. Its application in some cases, especially nonviolent felonies where an accidental or not reasonably foreseeable fatality occurred, was exceptionally harsh. The change from the former law was deliberate, its effect ameliorative, and brought the law of felony murder into line with that in the vast majority of other jurisdictions by specifically limiting its application to f elonies involving violence or substantial risk of serious injury and death. (See Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 125.25; see, also, People v. Bornholdt, 33 N Y 2d 75, 85.)
By way of contrast, the present felony assault statute is comparable to and continues several provisions of the former law (Penal Law of 1909, §§ 240, 242, subd. 5) which defined, broadly, felony assault offenses, albeit without the physical injury requirement. Thus, to limit the reach -of the felony assault statute by changes in the felony murder statute motivated by wholly different considerations finds no support in logic or straight statutory analysis.
In addition, defendant further argues that if in fact the Legislature intended for such conduct to give rise to a felony assault conviction, the statute is unconstitutional as applied to a nonviolent felony -such as possession of stolen property. The argument is that the statute, by omitting a specific intent to injure as an element of the crime, conclusively presumes that a felon intends to cause or foresees the possibility of physical injury resulting from his iacts; and that when the felony committed is not inherently dangerous or violent, as is alleged here, the presumption is irrational and a conviction thereunder violates due process.
The short answer is that we treat not with statutory presumption, but constructive malice ascribed to the felon who injures “ In the course of and in furtherance of the commission or attempted commission of a felony”. Like the constructive malice principle in the law of felony murder, this premise for criminal liability may be criticized. (See, e.g., A. L. I., Model Penal Code, Tent. Draft No. 9 [1959], § 201.2, subd. [1], par. *137 [b], Comments at pp. 33-39.) But we d’o not think that due process precludes a legislative policy determination that the felon who proximately causes injury to another, irrespective of the nature of the underlying felonious act, may be held criminally accountable.
Finally, regarding alleged error in submitting to the jury criminal possession of stolen property in the second degree and unauthorized use of a vehicle, no 'objection was made, nor was there a request to charge on this point. That being so, if there be error, it has not been preserved for review in this court. (CPL 470.05.)
The order of the Appellate Division should be laffirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

 Penal Law (§ 120.05, subd. 6):
“ A person is guilty of assault in the second degree when:
* * *
“ 6. In the course of and in furtherance of the commission or attempted commission of a felony, other than a felony defined in article one hundred thirty, or of immediate flight therefrom, he, or another participant if there be any, causes physical injury to a person other than one of the participants.”