■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN GUZMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 12, 1972, convicting him of burglary in the third degree and criminal possession of a dangerous drug in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction for criminal possession of a dangerous drug in the third degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The record reveals that the police found appellant and his codefendant, who were illegally inside a bungalow, standing a foot or two from a table on which there were two locked suitcases. One of the suitcases was unlocked with a key taken from a key chain belonging to the codefendant and marijuana was found therein. The police also discovered that the codefendant had heroin and cocaine concealed on his person. Appellant possessed no contraband; there was no evidence as to how the suitcases had come to be in the bungalow; and there was no attempt to flee when confronted by the police. Under these circumstances we conclude that the evidence was legally insufficient to support appellant's conviction of possession of a dangerous drug. "The crime of possessing dangerous drugs requires a physical or constructive possession with actual knowledge of the nature of the possessed substance" *(People v Reisman,* 29 NY2d 278, 285). Here there was a failure of proof as to appellant's control or possession of the drugs. He was merely

present in the room when the marijuana was found in a locked suitcase. The codefendant had control of the drugs by virtue of his possession of the key to that locked suitcase (see *People v Camacho,* 47 AD2d 527; *People v Torres,* 45 AD2d 1042). Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Rabin, JJ., concur.