■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON A. BALL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 11, 1974, convicting him of attempted robbery in the second degree and possession of an air pistol, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Queens County for the purpose of entering an order in its discretion pursuant to CPL 160.50. The principle issue on appeal is whether the evidence was legally sufficient to support the appellant's conviction. The complainants, Robert Paredes and Gladys Valdivieso, testified that on April 29, 1973, at approximately 11:45 P.M., they were waiting for a bus on Jamaica Avenue in Queens County, With them was Ms. Valdivieso's two and one-half-year-old daughter, who expressed the need to urinate. Ms. Valdivieso handed a package and her pocketbook to Mr. Paredes and took her daughter to the corner, a distance of approximately 11 feet from where Mr. Paredes continued to wait for the bus. While holding her daughter, she suddenly heard a voice say, "You go

with him, I'll go with her. She has something free." Ms. Valdivieso interpreted this as a reference to her daugher and screamed, "Don't take the baby"! Mr. Paredes testified that he heard a voice say "Taken [sic] the pocket, I see something free." He interpreted this as a reference to the pocketbook and began backing away, into the street. Both Mr. Paredes and Ms. Valdivieso saw the appellant and his codefendant separate, with a supposed perpetrator coming towards each of them. However, they both identified the appellant's codefendant as the individual who came towards them and further testified that he had his right hand under his jacket. At this point, the police intervened and a search of the codefendant revealed an air pistol. The appellant and the codefendant were arrested and subsequently indicted for attempted robbery in the second degree and possession of an air pistol. It is noted that both complainants are Spanish-speaking and that a court interpreter was necessary to elicit testimony. Furthermore, the police officers were unable to communicate with the complainants and had to enlist the aid of a Spanish-speaking passerby to help find out what had happened. The codefendant testified that prior to the incident he and the appellant were total strangers. He testified that he was walking down Jamaica Avenue looking for a place to buy a package of cigarettes. He noticed the appellant light a cigarette, approached him and offered to purchase a cigarette for a quarter. The appellant responded, "No, here's a cigarette free." As they parted, the codefendant reached into his pocket for a match. Suddenly, he heard a woman scream and the police arrived. Viewing the evidence in the light most favorable to the prosecution, it is apparent that the evidence is insufficient to support the appellant's conviction. Before there may be a conviction for attempted robbery, it must be established beyond a reasonable doubt that the appellant intended to commit a robbery (see *People v Bracey,* 41 NY2d 296). Here, no evidence was introduced to show any prior relationship between the appellant and the codefendant. Although both complainants testified that they heard a voice make a threatening comment, the speaker was not identified. Each complainant testified to hearing a different statement and each believed that he or she was going to be the primary victim of a crime. Both versions of the alleged statement were far too equivocal to establish an intent to commit a crime. Finally, each complainant identified the appellant's codefendant as the individual who threateningly approached with his hand under his jacket. On this record there is no evidence of intent and, therefore, the conviction of attempted robbery must be reversed (see *People v Sanders,* 38 AD2d 877). The prosecution candidly concedes, and we agree, that the evidence was insufficient to sustain appellant's conviction for possession of the weapon since there was no proof as to his control or possession of the air pistol (cf. *People v Guzman,* 51 AD2d 1046; *People v Camacho,* 47 AD2d 527), or that he solicited, requested, commanded, importuned or aided his codefendant to possess it (see Penal Law, § 20.00). Therefore, the conviction of that crime must also be reversed. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.