(April 23, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR WILSON, Appellant.—Judgment, Supreme Court, New York County (Dennis Edwards, Jr., J.), rendered June 18, 1985, which convicted defendant of assault in the first degree (Penal Law § 120.10 [3]), assault in the second degree (Penal Law § 120.05 [4]), reckless endangerment in the first degree (Penal Law § 120.25), vehicular assault (Penal Law former § 120.03) and operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [3]), and imposed sentence, is unanimously modified, on the law, to dismiss the conviction for reckless endangerment in the first degree, vacating the sentence imposed thereon, dismissing that portion of the indictment, and otherwise affirmed.

Defendant's convictions arose from an incident in which he drove his cab into a Chevrolet Camaro on Wadsworth Avenue between 189th and 190th Streets in Manhattan. Defendant hit the Camaro with such force that it caused one Isabel Taramina, who was about to enter the passenger side of the Camaro, to be thrown 15 feet into the air before landing on the windshield of defendant's car and bouncing to the ground. Taramina suffered severe injuries. Testimony adduced at trial described defendant as violent and smelling of alcohol at the time of his arrest.

It is settled that in order for a crime to be considered a "lesser included offense", it must be shown (1) that "it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" and (2) that "there is a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater." *(People v Glover,* 57 NY2d 61, 63 [1982]; CPL 1.20 [37].)

The trial court submitted to the jury a charge on assault in the first degree which is defined as follows: "Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person". (Penal Law § 120.10 [3].) The indict-

ment contained a separate count charging reckless endangerment in the first degree and the trial court submitted that count to the jury. Reckless endangerment in the first degree occurs when "under circumstances evincing a depraved indifference to human life, [a person] recklessly engages in conduct which creates a grave risk of death to another person." (Penal Law § 120.25.) The elements of the offenses are identical except that the first degree assault charge includes the element of serious physical injury. *(People v Gutierrez,* 105 AD2d 754 [2d Dept 1984]; *People v Cheung-Kok Lau,* 88 AD2d 808 [1st Dept 1982].) The convictions here arose out of the same criminal transaction. Accordingly, the conviction for reckless endangerment should be dismissed as a lesser included offense of assault in the first degree. Concur—Murphy, P. J., Kupferman, Carro, Wallach and Smith, JJ.