THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ALPHONZO SNOW, Appellant.

Fourth Department, July 7, 1988

## APPEARANCES OF COUNSEL

*Donald M. Thompson* for appellant.

*Howard Relin, District Attorney (Alan Cruikshank* of counsel), for respondent.

OPINION OF THE COURT

GREEN, J.

The principal and novel question posed on this appeal is whether driving while intoxicated (DWI) as a felony (Vehicle and Traffic Law § 1192 [5]) may serve as the predicate for conviction of assault in the first degree under Penal Law § 120.10 (4). We hold that it may not.

The facts are not in dispute and may be stated briefly. At approximately 6:45 A.M. on December 7, 1984, defendant was driving his car westbound on Main Street near the intersection with Plymouth Avenue in the City of Rochester. A police officer observed that defendant failed to proceed through a green light, waited until the light turned yellow, drove through the intersection and temporarily stopped his car on Main Street approximately one block west of Plymouth Avenue. Defendant then made a U-turn on Main Street and proceeded east at approximately 20 miles per hour. Defendant drove through a red light at the Main Street-Plymouth Avenue intersection and struck and seriously injured a pedestrian who was crossing Main Street.

This officer stopped to assist the pedestrian. Defendant did not stop and proceeded to his home a short distance away. When another officer eventually confronted the defendant in front of his home, a brief argument and scuffle ensued and defendant was arrested and taken into custody. Defendant voluntarily submitted to a breathalyzer test which revealed .15 of 1% by weight of alcohol in his blood.

Defendant was charged with two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), as felonies (Vehicle and Traffic Law § 1192 [5]), because he had been previously convicted of DWI on December 28, 1983. Defendant also was charged with first degree assault (Penal Law § 120.10 [4]), second degree assault (Penal Law § 120.05 [4]), second degree vehicular assault (Penal Law § 120.03 [2]), leaving the scene of an accident (Vehicle and Traffic Law § 600 [2]), resisting arrest (Penal Law § 205.30), fourth degree criminal mischief (Penal Law § 45.00 [3]), failure to obey a traffic control device (Vehicle and Traffic Law § 1111 [d] [1]) and operation of an uninsured vehicle (Vehicle and Traffic Law § 319 [1]).

Defense counsel objected to the court charging first degree assault. He argued that the DWI felony could not be used as a basis for felonious assault and that the crime of vehicular

assault was intended as the sole sanction against someone who causes serious physical injury to another by operation of a motor vehicle while intoxicated. The trial court rejected defendant's claim and the jury convicted defendant of all charges, except criminal mischief, of which he was acquitted; one of the DWI counts (Vehicle and Traffic Law § 1192 [3]) of which he was found guilty of driving while impaired, and operation of an uninsured vehicle, which was dismissed by the court prior to the verdict.

A person is guilty of the class C felony of assault in the first degree when "[i]n the course of and in furtherance of the commission or attempted commission of a felony or of immediate flight therefrom, he or another participant if there be any, causes serious physical injury to a person other than one of the participants" (Penal Law § 120.10 [4]). Defendant argues that DWI should not be considered a felony for purposes of this statute. We agree.

At the outset, we recognize certain general principles. Although DWI is defined as a felony outside the Penal Law (Vehicle and Traffic Law § 1192 [5]), it may be considered a class E felony under the Penal Law (see, Penal Law § 10.00 [5]; § 55.10 [1] [b]; § 70.00 [2] [e]) as it has been, for example, in determining whether a defendant is a predicate felon for sentencing purposes (see, People v Barnes, 99 AD2d 877, 878; People v Clearwater, 98 AD2d 912, 913). However, although as a general rule a prosecutor has discretion to prosecute under a general statute even where a more specific provision is available, that discretion may be limited by a legislative intention to make a specific statute the exclusive means of punishing particular conduct (People v Valenza, 60 NY2d 363, 371; People v Costello, 305 NY 63; People v Knatt, 156 NY 302). Moreover, we must be careful to construe provisions of the Penal Law "according to the fair import of their terms to promote justice and effect the objects of the law" (Penal Law § 5.00) and to avoid extending criminal responsibility beyond the fair scope of the legislative mandate (see, People v P. J. Video, 68 NY2d 296, 308, cert denied — US —, 107 S Ct 1301; People v Case, 42 NY2d 98, 101; People v Gottlieb, 36 NY2d 629, 632).

Defendant's most compelling argument against his first degree assault conviction rests upon the statutory scheme relating to assaults and vehicular crimes. As defendant points out, the 1983 enactment of the vehicular assault and vehicular manslaughter statutes (L 1983, ch 298) was prompted by

legislative concern with injury and death caused by intoxicated drivers. When serious physical injury is caused the crime is vehicular assault; when death is caused the crime is vehicular manslaughter *(see,* 1983 NYS Legis Ann, at 134). While first degree assault is a class C felony (Penal Law § 120.10), vehicular manslaughter, at the time of defendant's conviction, was only a class D felony (Penal Law § 125.12). In 1985, the Legislature amended the vehicular manslaughter provision by adding a higher degree of the crime (class C felony if the defendant is driving with a suspended or revoked license) (Penal Law § 125.13, added by L 1985, ch 507), and similarly amended the vehicular assault provisions (Penal Law § 120.04, added by L 1985, ch 507).

On the facts of this case, defendant could have been found guilty only of second degree vehicular assault, a class E felony (Penal Law § 120.03), because the victim of the incident suffered serious physical injury. Had the victim died defendant could have been convicted of second degree vehicular manslaughter, a class D felony (Penal Law § 125.12). Defendant, however, was convicted of first degree assault under Penal Law § 120.10 (4), a class C felony, a more serious crime than could have been charged if the victim had died. This is an unreasonable and unjust result and could not have been intended by the Legislature *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 143; *Zappone v Home Ins. Co.,* 55 NY2d 131, 137; *Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 114, *affd* 65 NY2d 807; *People v Jackson,* 106 AD2d 93, 96).

Moreover, the fact that a defendant may be convicted of violating other provisions of the general assault statutes for similar conduct does not, as the People suggest, eliminate the inequity of this result. Like the vehicular assault statutes, the general assault provisions that may apply in the circumstances of this case require proof of a culpable mental state *(see, e.g., People v Van Sickle,* 120 AD2d 897, *lv denied* 68 NY2d 760 [vehicular assault—criminal negligence]; *People v Reynolds,* 133 AD2d 499, *lv denied* 70 NY2d 803 [second degree assault—recklessness]; *People v Wilson,* 129 AD2d 514, *lv denied* 70 NY2d 719 [first degree assault—depraved indifference]). Defendant, however, was convicted of first degree assault without any proof of his culpable mental state and based solely on the fact that he had been convicted of a prior DWI within the preceding 10 years.

This result is contrary to the legislative history and intent

behind the felony assault statute. Proof of intent to commit the underlying felony was required under the former Penal Law *(see, People v Katz,* 290 NY 361, 365-366; *People v Kay,* 17 AD2d 773; *People v Ball,* 283 App Div 285) and remains a prerequisite to conviction under the present statute *(see, People v Rivera,* 131 AD2d 348; *People v Morales,* 130 AD2d 366; *People v Sanders,* 38 AD2d 877). The origin of these provisions may be found in the doctrine of constructive malice by which the intent necessary to sustain a conviction for felony murder or felony assault is inferred from the intent to commit the underlying felony *(see, People v Gladman,* 41 NY2d 123, 125; *People v Jackson,* 20 NY2d 440, 450; *People v Wood,* 8 NY2d 48, 51; *People v Lytton,* 257 NY 310, 314-315). As the Court of Appeals has observed with respect to felony murder, "the underlying felony is not so much an element of the crime but instead functions as a replacement for the *mens rea* or intent necessary for common-law murder" *(People v Berzups,* 49 NY2d 417, 427). Thus, the doctrine of constructive malice would be violated by sanctioning this defendant's conviction for felony assault based upon the underlying felony of DWI which requires no culpable mental state.

The People's reliance upon *People v Fonseca* (36 NY2d 133), for the position that *any* felony may serve as the predicate for felony assault, is misplaced. There the court held that criminal possession of stolen property could serve as the predicate for felony assault even though it was not a dangerous felony because the felony assault statute, unlike the felony murder provision, does not specify only violent felonies. Felony possession of stolen property, however, unlike felony DWI, requires a specific culpable mental state, namely, knowing possession with intent to benefit a person other than the owner or to impede the owner's recovery *(see,* Penal Law §§ 165.45, 165.50). Thus, unlike the situation in *Fonseca (supra),* defendant's conviction for felony assault is based purely on strict liability which should not be imposed unless there is a clear legislative intent to do so, which is not present in this case *(see,* Penal Law § 15.15 [2]; *Liparota v United States,* 471 US 419, 426; *People v Coe,* 71 NY2d 852, 855). Moreover, the court was careful in *Fonseca (supra)* to recognize that both felony assault and felony murder are rooted in the principle of constructive malice *(People v Fonseca, supra,* at 136-137). In this respect, the legislative intent in enacting the felony assault provision (Penal Law § 120.10 [4]) can be seen as an attempt to construct "an approximate assault counterpart of

222

felony murder [statute]" (Commission Staff Notes, CLS NY Statutes, Book 23, Penal Law § 120.10, at 494).

In sum, the statutory scheme relating to assault and vehicular offenses, as well as the history of the felony assault doctrine, compels the conclusion that felony DWI may not serve as the basis for a conviction of first degree assault. While we recognize that injuries and death caused by intoxicated drivers are of significant concern, the Legislature has adequately responded by establishing increased penalties under the Vehicle and Traffic Law and by adding vehicular assault and vehicular manslaughter provisions to the Penal Law. For reasons of policy, logic and legislative history, however, the application of the first degree felony assault statute should not be extended to felony DWI.

Accordingly, the judgment should be modified by reversing defendant's conviction for first degree assault, vacating the sentence imposed thereon, and affirming in all other respects.

CALLAHAN, J. P., DOERR, LAWTON and DAVIS, JJ., concur.

Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with opinion by GREEN, J.