◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROMANO, Appellant. [753 NYS2d 873] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered September 19, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While the defendant is entitled by statute to have his counsel deliver a summation at the close of all the evidence (*see* CPL 260.30 [8]; *Herring v New York,* 422 US 853), the Supreme Court may limit summation to matters of evidence properly adduced at the trial (*see People v Ventura,* 66 NY2d 693; *see People v Ashwal,* 39 NY2d 105; *People v Middleton,* 212 AD2d 809, 811; *People v Smith,* 204 AD2d 140; *People v Barreau,* 183 AD2d 904; *People v Robinson,* 137 AD2d 564; *but see People v Luis,* 189 AD2d 657, 659-660; *People v Reina,* 94 AD2d 727). Here, the Supreme Court properly precluded the defendant's counsel from arguing on summation that the psychiatric testimony established that he could not have formed the culpable mental state for intentional murder where the defense failed to give timely notice of its intent to offer psychiatric evidence in support of that theory at trial (*see* CPL 250.10 [1] [c]; *People v Almonor,* 93 NY2d 571, 580; *People v Yates,* 290 AD2d 888; *People v Rivers,* 281 AD2d 348; *but see People v Wilcox,* 194 AD2d 820, 821).

The Supreme Court providently exercised its discretion in ordering that the jury be sequestered notwithstanding the defendant's attempt to waive sequestration (*see* CPL 310.10; *People v Bello,* 82 NY2d 862; *People v Paul,* 79 NY2d 970; *People v Fernandez,* 229 AD2d 447). Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.