[945 NE2d 477, 920 NYS2d 284]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REMY SMITH, Appellant.

Argued January 13, 2011; decided February 24, 2011

## APPEARANCES OF COUNSEL

*Levitt & Kaizer*, New York City (*Richard Ware Levitt* and *Yvonne Shivers* of counsel), and *The Murphy Firm*, Baltimore, Maryland (*William H. Murphy, Jr.*, of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Vincent Rivellese* and *Hilary Hassler* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant was convicted, after a jury trial, of two counts of assault in the first degree, and one count each of attempted coercion in the first degree and criminal possession of a weapon in the second degree, in the shooting of a friend during a dispute.

On appeal, defendant challenges, under both state and federal law, the preclusion of an argument she wished to make at summation—namely that it was the victim of the shooting who first produced the gun that resulted in her being shot.* Defendant's challenges fail because to allow the requested summation argument would be to permit defense counsel to call upon the jury to reach conclusions that are "not fairly inferrable from the evidence" (*People v Ashwal*, 39 NY2d 105, 110 [1976]). The privilege of counsel to comment in summation on any

---

\* Defendant also claims that it was reversible error to preclude defense counsel from arguing at summation that the victim struggled with defendant over the gun. We do not address whether that ruling was error because the ruling was harmless. Defense counsel was permitted to argue that the gun went off accidentally, during a struggle over a handbag, and that defendant did not intend to cause serious physical injury.

matters of fact pertinent to questions that the jury must decide is not absolute. The privilege "can never operate as a license to state to a jury facts not in evidence" (*Williams v Brooklyn El. R.R. Co.*, 126 NY 96, 103 [1891]), or to argue theories for which there is absolutely no evidentiary support.

Here, regardless of whether there was evidentiary support for the argument that the victim was shot during a struggle over the gun, the jury heard no evidence from which it would be reasonable to conclude that the gun was first displayed by the victim. In particular, the testimony of a police officer, that the victim told him that the gun with which she was shot was "heavier" than a gun he showed her for the purpose of comparison, is irrelevant to the issue whether the defendant or the victim first produced the gun. Moreover, the officer himself clarified the term, saying "[h]eavier, meaning larger," and a victim's recollection of the size of a gun in no way supports the theory that she first displayed the gun.

■ Defendant also challenges that part of the jury charge instructing the jury that if it found that the victim was "truthful and accurate in her testimony to you, [then] her testimony without any other eye witness to what happened inside the car, under the law satisfies the proof beyond a reasonable doubt." Where, as here, a single sentence in a jury charge is challenged by the defendant, we "do not consider the challenged sentence alone and in a vacuum but instead must read the instruction as a whole to determine if it was likely to confuse the jury" (*People v Fields*, 87 NY2d 821, 823 [1995]). Here, although the challenged sentence itself does not accurately convey the principle that a single victim's testimony *can* on its own prove guilt beyond a reasonable doubt, Supreme Court immediately went on to state that principle correctly. The court charged the jury that if the victim's testimony "after your careful scrutiny does satisfy you beyond a reasonable doubt then her testimony alone *can* be sufficient to convict without other eye witness testimony" (emphasis added). Moreover, Supreme Court emphasized, in parts of the jury charge immediately before and after the challenged sentence, that the central duty of the jury was to decide whether the charged crimes had been proved beyond a reasonable doubt. In light of the charge as a whole, no reasonable juror would have concluded that if he or she found the victim's testimony credible, then he or she had to find defendant guilty— without assessing whether all of the evidence was sufficient to show beyond a reasonable doubt that defendant was guilty.

JONES, J. (dissenting). By limiting defendant's argument on summation, the trial court impermissibly infringed on defendant's constitutional right to present an argument to the jury which was reasonably supported by the evidence. Further, by misstating the appropriate standard of proof in a portion of the jury charge (*see* majority mem at 788), the trial court unwittingly fostered a guilty verdict in accordance with the victim's testimony. Because these errors, individually and cumulatively, deprived defendant of a fair trial, I respectfully dissent.

On July 14, 2007, defendant and the victim attended the birthday party of a mutual friend at a restaurant on 14th Street and Ninth Avenue in Manhattan. As the party ended, defendant noticed that $3,000 was missing from her pocketbook. Because the victim had held the pocketbook at one point during the evening, defendant suspected she had stolen the money. After leaving the restaurant, defendant confronted the victim with a gun in the front seat of the victim's car. Other than defendant and the victim, who was behind the wheel, there was no one else in the car. According to the victim, defendant cocked the gun as she approached her car. Once in the car, defendant demanded to search her handbag, she refused, and she was shot while they struggled. Although the victim testified that she did not touch the gun with which she was shot, a police officer testified that the victim told him that the gun at issue was "a little bit heavier" than a gun he showed her for comparison purposes. Defendant did not testify at trial.

After the People rested, defense counsel sought a ruling as to whether it would be permissible to argue during summation that there was a struggle for *the gun* before the gun went off. The court asked defense counsel to address the People's argument that "there is no evidence of any struggle over a gun." Counsel responded, "it is not an unreasonable inference during such an altercation in the car with a gun loaded that at some point she attempted . . . to pull the gun away." Supreme Court concluded that counsel would not be permitted to argue on summation that there was a struggle over the gun because there was "no evidence of that." The court only allowed counsel to argue on summation that there was a struggle over the bag and the gun went off accidentally.

Under the Sixth Amendment, a defendant in a criminal prosecution has the right to have the assistance of counsel for his defense (*see Johnson v Zerbst*, 304 US 458, 462 [1938]). This right was deemed necessary to ensure the fundamental human

rights of life and liberty (*id.*), and made obligatory on the states by the Fourteenth Amendment (*see Gideon v Wainwright*, 372 US 335 [1963]).[1] "[T]he right to the assistance of counsel has been understood to mean that there can be no restrictions upon the function of counsel in defending a criminal prosecution in accord with the traditions of the adversary factfinding process that has been constitutionalized in the Sixth and Fourteenth Amendments" (*Herring v New York*, 422 US 853, 857 [1975]). In short, this right ensures that criminal defendants have a full and fair opportunity to participate in the adversary factfinding process (*id.* at 858).

"[C]losing argument for the defense is a basic element of the adversary factfinding process in a criminal trial" (*id.* at 858),[2] and the "last . . . chance to persuade the trier of fact that there may be a reasonable doubt of the defendant's guilt" (*id.* at 862). This Court wrote:

> "It is the privilege of counsel in addressing a jury to comment upon every pertinent matter of fact bearing upon the questions which the jury have to decide. This privilege . . . is most important to preserve and . . . ought not to be narrowed by any close construction, but should be interpreted in the largest sense. The right of counsel to address the jury upon the facts is of public as well as private consequence, for its exercise has always proved one of the most effective aids in the ascertainment of truth by juries in courts of justice, and this concerns the very highest interest of the state. The jury

---

1. Article I, § 6 of the New York State Constitution provides in pertinent part that a defendant "shall be allowed to appear and defend in person and with counsel." Although "[t]he Right to Counsel Clause in the State Constitution is more restrictive than that guaranteed by the Sixth Amendment to the United States Constitution[,]" this Court, "by resting the right upon this State's constitutional provisions guaranteeing the privilege against self-incrimination, the right to assistance of counsel and due process of law[, has] provided protection to accuseds far more expansive than the Federal counterpart" (*People v Bing*, 76 NY2d 331, 338-339 [1990] [citations and footnote omitted]).

2. As the *Herring* Court stated:
> "It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions" (422 US at 862).

system would fail . . . if freedom of advocacy should be unduly hampered and counsel should be prevented from exercising within the four corners of the evidence the widest latitude by way of comment, denunciation or appeal in advocating his cause" (*Williams v Brooklyn El. R.R. Co.*, 126 NY 96, 102-103 [1891]).[3]

That said, "summation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his command. There are certain well-defined limits" (*People v Ashwal*, 39 NY2d 105, 109 [1976]). For example, because juries must decide issues on the evidence, counsel, in summing up a case, is permitted to make any summation argument "within the four corners of the evidence" (*Williams*, 126 NY at 103). In addition, counsel must avoid making comments which have no bearing on any legitimate issue in the case (*see Ashwal*, 39 NY2d at 109). "Thus [counsel] may not refer to matters not in evidence or call upon the jury to draw conclusions which are not fairly inferrable from the evidence" (*id.* at 109-110 [citations omitted]).

Finally, trial judges have great latitude in controlling the duration and limiting the scope of closing summations (*see Herring*, 422 US at 862). For example, a trial judge, in the exercise of his or her broad discretion, may seek to ensure that counsel's argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial (*id.*).

In this case, the evidence adduced lent itself to several interpretations. For example, in accordance with the People's theory of the case, one could reasonably view the evidence as establishing that defendant entered the victim's car with a gun, struggled with the victim in an effort to seize the victim's bag and then *intentionally* shot the victim. Another reasonable view of the evidence was that, even accepting the victim's testimony as true, the gun accidentally discharged during the course of the struggle over the victim's bag or over the gun itself. However, defense counsel was precluded from making the argument concerning a struggle over the gun because Supreme Court found that it lacked evidentiary support. The Appellate Division determined that Supreme Court's preclusion order was a proper exercise of that court's discretion. I disagree because the

---

**3.** The right of counsel to address the jury upon the facts is guaranteed to the defendant and prosecutor alike (*see People v Ashwal*, 39 NY2d 105, 109 [1976]).

alternative theory defense counsel sought to advance was supported by the evidence; thus, Supreme Court lacked discretion to deprive defendant of what amounted to her only viable theory of defense (*see Chambers v Mississippi*, 410 US 284, 294 [1973] [cited for the proposition that the right to present a defense is one of the "minimum essentials of a fair trial"]).

If the jury did not believe the victim's account of what happened, it could certainly have rejected all of her testimony, including her claim that defendant entered her car with an already cocked gun. Clearly, defense counsel's proposed argument—that defendant and the victim struggled over the gun rather than the victim's bag—was relevant, material, and "within the four corners of the evidence" (*Williams*, 126 NY at 103). There was evidence adduced at trial from a police officer that the victim described the gun in terms of weight, that is, it was "heavier" than the other gun the same officer presented to her for comparison purposes. Although the majority seeks to explain this away by pointing out that "the officer himself clarified the term, saying '[h]eavier, meaning larger' " (majority mem at 788), this explanation actually raises factual questions for the jury as to whether the witness held the two guns and was able to compare their weights. I submit that this evidence can reasonably be interpreted to support the view that the victim in fact held the gun, that she lied when she denied doing so, and that, therefore, she lied when she testified that defendant (1) entered her car with a cocked gun in hand, and (2) struggled over the bag rather than the gun. However, the jury did not have an opportunity to accept or reject the theory defense counsel sought to advance—an argument that could have sharpened and clarified the issues for resolution by the jury.

Thus, by upholding the lower court rulings precluding defense counsel from making the stated summation argument, the majority not only put this Court's imprimatur on rulings that deprived defendant of the opportunity to advance a viable theory of defense, it deprived defendant of her right to fully and fairly participate in the adversarial factfinding process. Further, because defense counsel was not allowed to argue the reasonable inferences to be drawn from *all* the testimony, the jury could not adequately perform its function as trier of fact.

In declining to determine whether the trial court erred in striking defense counsel's summation argument that the victim struggled with defendant over the gun (*see* majority mem at 787 n), the majority casts this ruling as "harmless" based on the

argument the trial court actually allowed defense counsel to make (*id.*). I do not agree that this ruling can be deemed "harmless." The precluded argument bears directly on the question whether defendant *intended* to cause serious physical injury, an element required to prove first-degree (intentional) assault. If the jury believed that the struggle was over the gun, that would tend to disprove the mens rea necessary for intentional assault. Moreover, defense counsel, in advancing the only summation argument he was permitted to make (that the shooting was accidental), was effectively relegated to conceding the truthfulness of the victim's account of the incident (that defendant entered the car with a gun and the struggle was over the victim's handbag). And certainly it would be far more likely for the gun to discharge accidentally in a struggle over the weapon itself, than in a struggle over a handbag. In light of the foregoing, the challenged ruling cannot be considered harmless.

Finally, I address defendant's challenge to a portion of the jury charge. At trial, the jury was instructed that "if you find [the victim] was truthful and accurate in her testimony to you, her testimony without any other eye witness to what happened inside the car, under the law satisfies the proof beyond a reasonable doubt." It is undisputed that this sentence does not accurately convey accepted reasonable doubt principles, and that the trial court did not correct this portion of the charge. It is also undisputed that the trial court stated the applicable principles correctly in other parts of the jury charge.

While I am well aware of this Court's jurisprudence holding that where a sentence in a jury charge is challenged, courts do not consider such sentence in a vacuum, but read the charge as a whole to determine if it is likely to confuse the jury, I am troubled by the fact that this portion of the charge related specifically to the victim's testimony. This error is magnified by the fact that defendant did not testify, and the victim and defendant were the only persons present in the vehicle. Given the charging error and the trial court's rulings as to what defense counsel was allowed to argue on summation, it is likely that the incorrect reasonable doubt standard fostered a guilty verdict.

This case concerns me for the following reasons. The trial court erroneously precluded a summation argument that was reasonably supported by the evidence. Moreover, considering the impact of the trial court's rulings, the erroneous portion of the charge concerning reasonable doubt and the fact that this is essentially a one-witness case, defendant was placed in an untenable position upon exercising her right not to testify.

Based on the foregoing, I would reverse the order of the Appellate Division and grant defendant a new trial.

Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur; Judge JONES dissents and votes to reverse in an opinion in which Chief Judge LIPPMAN concurs.

Order affirmed in a memorandum.