■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SATNAM SINGH, Appellant. [27 NYS3d 882]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered October 9, 2013, convicting him of aggravated criminal contempt, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although a closing argument is a basic element of a defense in a criminal trial (see Herring v New York, 422 US 853, 858 [1975]), the trial court may limit summation to matters of evidence properly adduced at the trial (see People v Smith, 16 NY3d 786, 787-788 [2011]; People v Ashwal, 39 NY2d 105, 109 [1976]; People v Romano, 301 AD3d 666, 667 [2003]). Here, the Supreme Court properly precluded the defendant's counsel from arguing on summation that the defendant did not

understand the order of protection due to the lack of an interpreter in court when the order was issued, since there was no evidence presented at trial that the defendant did not understand English (*see People v Smith*, 16 NY3d at 787-788; *People v Deir*, 15 AD3d 198, 198 [2005]; *People v Romano*, 301 AD2d at 667; *People v Turner*, 212 AD2d 818, 818 [1995]).

The defendant's arguments regarding the prosecutor's alleged improper comments during summation are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, most of the challenged remarks were within the broad bounds of permissible rhetorical comment, a fair response to the defendant's summation, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d at 109-110; *People v Williams*, 123 AD3d 1152, 1152 [2014]). To the extent that any remaining challenged remarks were improper, they were not so egregious as to have deprived the defendant of a fair trial (*see People v Williams*, 123 AD3d at 1152).

Contrary to the defendant's contention, defense counsel's failure to object to certain remarks made by the prosecutor during summation did not constitute ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713 [1998]; *People v Torres*, 72 AD3d 709, 709 [2010]). Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.