(November 15, 2016)

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TAMIRA MOBLEY, Respondent. [40 NYS3d 426]—

Order, Supreme Court, New York County (Thomas Farber, J.), entered on or about April 7, 2015, which granted defendant's motion to dismiss the first and fourth counts of the indictment charging her with assault in the first degree, unanimously affirmed.

Defendant, who does not hold a medical license, performed bodily "enhancement" procedures on two persons. The first procedure resulted in serious physical injury to the victim; the second procedure resulted in the victim's death. Defendant was charged with two counts of the unauthorized practice of medicine (Education Law § 6512 [1]) and two counts of first-degree assault (Penal Law § 120.10 [4] [felony assault]). The felony assault counts were predicated upon the theory that the victims' injuries were caused in the course of the commission of the felony of unauthorized practice of medicine. In addition, defendant was charged with one count of manslaughter in the second degree and one count of second-degree assault.

Supreme Court dismissed the two charges of felony assault,

holding that the felony of the unauthorized practice of medicine is a strict liability crime with no mens rea element and, therefore, cannot serve as a predicate felony to support felony assault charges. Upon the People's appeal, we affirm.

An assault committed during the course of a felony that causes serious physical injury to the victim may be charged as felony assault under Penal Law § 120.10 (4). The Court of Appeals has explained that, under the doctrine of constructive malice, the mens rea element of the assault charge is satisfied by the mens rea element of the predicate felony (*see People v Fonseca*, 36 NY2d 133, 136-137 [1975] [discussing constructive malice in the context of the second-degree felony assault statute, Penal Law § 120.05 (6)]; *see also People v Berzups*, 49 NY2d 417, 427-428 [1980] [discussing constructive malice in the context of the felony murder statute, Penal Law § 125.25 (3)]).

The People contend that the felony predicating felony assault need not have a mens rea element. In so arguing, they rely on *Fonseca*, in which the Court of Appeals held that a defendant who had injured victims while driving a stolen automobile could be charged with felony assault, with the felony of criminal possession of stolen property serving as the predicate felony. It is true that the *Fonseca* Court stated that any felony can theoretically serve as a predicate felony for felony assault charges and distinguished the felony murder statute from the felony assault statute on the ground that the former statute specifically enumerates the permissible predicate felonies. However, the *Fonseca* Court, applying the doctrine of constructive malice, held that the mens rea element of the predicate felony in that case (criminal possession of stolen property) provided the mens rea element for the felony assault charges (36 NY2d at 136-137).

Defendant contends that a strict liability crime cannot serve as a predicate felony to support felony assault charges, relying on *People v Snow* (138 AD2d 217 [4th Dept 1988], *affd* 74 NY2d 671 [1989]), in which the Fourth Department held that the felony of driving while intoxicated could not serve as a predicate felony. The *Snow* Court explained that, because driving under the influence is a strict liability crime with no mens rea element, it cannot provide the required mens rea element for the felony assault charge.

The People attempt to distinguish *Snow* as limited to the facts of that case, where driving under the influence was only upgraded from a misdemeanor to a felony due to the defendant having a previous conviction for driving under the influence.

However, the *Snow* decision makes plain that the Court held that, like any strict liability felony, driving under the influence cannot serve as a predicate for felony assault because it lacks a mens rea element and therefore cannot satisfy the doctrine of constructive malice (138 AD2d at 221).

In this case, the felony of the unauthorized practice of medicine is a strict liability crime with no mens rea element. Education Law § 6512 (1) does not contain a mens rea element and solely requires a voluntary act of the unauthorized practice of medicine (*see generally People v Kleiner*, 174 Misc 2d 261 [Sup Ct, Richmond County 1997]). Accordingly, Supreme Court correctly held that the felony of the unauthorized practice of medicine cannot serve as a predicate felony to support the felony assault charges.

Further, although the Penal Law states that a "statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability" (Penal Law § 15.15 [2]), the felony of unauthorized practice of medicine was created by the legislature as part of a comprehensive regulatory scheme to require licensing for occupations that pose safety risks to the public. These malum prohibitum crimes are generally construed as strict liability crimes, as a mens rea element would negatively affect enforcement of these statutes and minimize their impact (*see People v Merriweather*, 139 Misc 2d 1039, 1043-1044 [Sup Ct, Nassau County 1988]). Concur—Friedman, J.P., Saxe, Moskowitz, Gische and Kahn, JJ.