People v Alicea (2018 NY Slip Op 01871)





People v Alicea


2018 NY Slip Op 01871


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


6029 29/00 -861

[*1]The People of the State of New York, Respondent,
v
Ralph Alicea, Defendant-Appellant.


Joseph W. Murray, Kew Gardens, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J. at jury trial; Charles H. Solomon, J. at sentencing), rendered February 20, 2004, convicting defendant of conspiracy in the second degree, and sentencing him, as a persistent felony offender, to a term of 19 years to life, unanimously affirmed.
The court properly denied defendant's CPL 30.30 speedy trial motion. The contested periods were properly excluded as reasonable delays resulting from pretrial motions, adjournments on consent of defendant and/or his codefendants and the ongoing litigation of defendant's other indictments. Contrary to defendant's arguments, the record adequately demonstrates the reason for excluding each of these periods, and supports the court's findings.
The court providently exercised its discretion when it interrupted defense counsel's summation to preclude an argument that was misleading and not a fair inference from the evidence (see People v Smith, 16 NY3d 786, 787-788 [2011]). In any event, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's claims concerning the court's alleged interference with the trial and purported bias do not warrant reversal. In its remarks and questioning of witnesses, the court did not take on either the function or appearance of an advocate or suggest to the jury that it had any opinion, and its interventions did not deprive defendant of a fair trial (see People v Arnold, 98 NY2d 63, 67 [2002]; People v Moulton, 43 NY2d 944 [1978])
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations. The testimony of a large number of defendant's accomplices, along with extensive corroborating evidence, established that defendant was a major drug trafficker who conspired to sell very large amounts of drugs, well in excess of the statutory threshold for second-degree conspiracy and its underlying felony, on a regular basis.
The court properly denied defendant's request to submit the lesser included offense of conspiracy in the fourth degree, because there was no reasonable view of the evidence, viewed in the light most favorable to the defense, that he committed the lesser but not the greater crime (see People v Rivera, 23 NY3d 112, 120-21 [2014]). There was no reasonable view that the conspiracy involved the smaller amounts of drugs corresponding to the fourth-degree charge.
Defendant's remaining claims of trial error are unpreserved, waived or otherwise procedurally defective, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
Defendant was lawfully sentenced as a persistent felony offender (see People v Garvin, 30 NY3d 174, 189 [2017]; People v Prindle, 29 NY3d 463 [2017]), and that determination was a
provident exercise of discretion. We perceive no basis for reducing the sentence or running it concurrently with other sentences defendant is serving.
M-861 - People v Ralph Alicea
Motion for enlargement denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK