People v Barrett (2018 NY Slip Op 02189)





People v Barrett


2018 NY Slip Op 02189


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2014-05987
 (Ind. No. 2155/12)

[*1]The People of the State of New York, respondent,
v
Andrew Barrett, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Tina Grillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered June 3, 2014, convicting him of criminal sexual act in the first degree (two counts), rape in the first degree, robbery in the third degree, and attempted rape in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contentions that the prosecutor's opening and summation remarks constituted reversible error are unpreserved for appellate review because he failed to object to the remarks, made only general objections, failed to request curative instructions, and did not timely move for a mistrial on the grounds now claimed (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Balls, 69 NY2d 641, 642; People v Salnave, 41 AD3d 872, 874). In any event, the remarks alleged to be prejudicial were all either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), a fair response to arguments and theories presented in the defense summation (see People v Galloway, 54 NY2d 396, 399), or constituted harmless error (see People v Crimmins, 36 NY2d 230, 241-242; People v Hill, 286 AD2d 777, 778).
The defendant's ineffective assistance of counsel claim, which is based solely upon his counsel's failure to preserve his contentions regarding the prosecutor's remarks, is also without merit (see People v Ramirez, 146 AD3d 987, 988; People v Singh, 138 AD3d 767).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court