People v Kennedy (2019 NY Slip Op 07899)





People v Kennedy


2019 NY Slip Op 07899


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-06588
 (Ind. No. 1383/14)

[*1]The People of the State of New York, respondent,
v
Anthony Kennedy, appellant.


Green & Willstatter, White Plains, NY (Richard D. Willstatter of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, Kathryn E. Mullen, and Kate Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie G. Leach, J.), rendered June 8, 2017, convicting him of assault in the first degree, assault in the second degree (two counts), reckless driving, and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant was convicted of assault in the first degree, assault in the second degree (two counts), reckless driving, and leaving the scene of an incident without reporting. At trial, the prosecution presented evidence that when several police officers attempted to arrest the defendant at an address in Queens, the defendant fled in a sport utility vehicle (hereinafter SUV), crashed the SUV into a fence, causing a piece of the fence to hit and injure one of the officers, and then drove the SUV through a stop sign and crashed it into a vehicle, causing serious injuries to the driver of that vehicle. The defendant was not apprehended at the scene. The defense contended that the defendant was not the driver of the SUV.
The defendant contends that his conviction of assault in the first degree was based on legally insufficient evidence and against the weight of the evidence, because a conviction of assault in the first degree under Penal Law § 120.10(4) (felony assault) cannot be predicated on a conviction of assault in the second degree under Penal Law § 120.05(3), which provides that a person is guilty of that crime when, "[w]ith intent to prevent . . . a police officer . . . from performing a lawful duty, . . . he or she causes physical injury to such . . . police officer." Although defense counsel failed to move for a trial order of dismissal making an argument "specifically directed" at the alleged error (People v Gray, 86 NY2d 10, 19 [internal quotation marks omitted]; see CPL 470.05[2]), the defendant's legal sufficiency argument is preserved for appellate review, as the defendant moved, in his pretrial omnibus motion, to dismiss the count of the indictment charging assault in the first degree on the basis that there was no underlying felony that could serve as a predicate to that charge (see People v Finch, 23 NY3d 408, 410; People v Mahboubian, 74 NY2d 174, 188). However, the defendant's contentions that the evidence was legally insufficient to [*2]support his conviction of assault in first degree and that his conviction of that crime was against the weight of the evidence, because Penal Law § 120.05(3) cannot serve as a predicate felony to support a conviction of felony assault under Penal Law § 120.10(4), are without merit (see People v Fonseca, 36 NY2d 133, 136-137; People v Jenkins, 49 AD3d 780, 781; cf. People v Mobley, 144 AD3d 477, 479; People v Rucinski, 24 AD3d 1171, 1173; People v Snow, 138 AD2d 217, 221, affd 74 NY2d 671).
"Closing argument for the defense is a basic element of the adversary factfinding process in a criminal trial" (Herring v New York, 422 US 853, 858). However, "[t]he privilege of counsel to comment in summation on any matters of fact pertinent to questions that the jury must decide is not absolute" (People v Smith, 16 NY3d 786, 787-788; see People v Singh, 138 AD3d 767, 767). In summation, defense counsel is not permitted to "call upon the jury to reach conclusions that are not fairly inferrable from the evidence'" (People v Smith, 16 NY3d at 787, quoting People v Ashwal, 39 NY2d 105, 110). Thus, the trial court may preclude summation arguments that are speculative and unsupported by any evidence (see People v Smith, 16 NY3d at 787; People v Singh, 138 AD3d at 767; People v Deir, 15 AD3d 198, 198).
Here, the Supreme Court providently exercised its discretion when it precluded the defendant from making arguments in summation related to the significance of the sequential numbering of two wanted posters, since the argument was speculative and not supported by the evidence (see People v Smith, 16 NY3d at 788; People v Alicea, 159 AD3d 532, 533; People v Singh, 138 AD3d at 767-768; People v Deir, 15 AD3d at 198). The court did not prohibit the defendant from making arguments related to the wanted posters that were based on the evidence presented (see People v Deir, 15 AD3d 198).
A defendant's right to cross-examine witnesses is protected by the Federal and State Constitutions (see US Const 6th Amend; NY Const, art I, § 6; People v Pereda, 200 AD2d 774). However, "an accused's right to cross-examine witnesses . . . is not absolute" (People v Williams, 81 NY2d 303, 313; see People v Hayes, 17 NY3d 46, 53; People v Corby, 6 NY3d 231, 234). "The scope of cross-examination is within the sound discretion of the trial court and it must weigh the probative value of such evidence against the possibility that it would confuse the main issue and mislead the jury . . . or create substantial danger of undue prejudice to one of the parties" (People v Hayes, 17 NY3d at 53 [citation and internal quotation marks omitted]; see People v Corby, 6 NY3d at 233-234; People v Davis, 43 NY2d 17, 27).
The defendant's contention that his right to confrontation was violated when the Supreme Court limited cross-examination of a prosecution witness with regard to the amount of DNA tested is unpreserved for appellate review (see CPL 470.05[2]). In any event, the court providently limited defense counsel's cross-examination of that witness with regard to the amount of DNA tested, since the questions posed had previously been asked and answered (see People v Bittrolff, 165 AD3d 690, 691; Matter of Qili W., 298 AD2d 396, 397), and would have confused the issues and misled the jury (see People v Hayes, 17 NY3d at 53; People v Corby, 6 NY3d at 233-234; People v Davis, 43 NY2d at 27; People v Stevens, 45 AD3d 610, 611).
Contrary to the People's contention, the defendant's contention that his right to confrontation was violated when the Supreme Court limited cross-examination of a prosecution witness on the issue of DNA transfer is preserved for appellate review (see CPL 470.05[2]). Furthermore, the court's limitation of defense counsel's cross-examination with regard to DNA transfer was an improvident exercise of discretion, since the testimony defense counsel sought to elicit would have been relevant and would not have confused or misled the jury (see People v Hayes, 17 NY3d at 53; People v Corby, 6 NY3d at 233-234; People v Davis, 43 NY2d at 27). Moreover, under the circumstances presented, the error was not harmless, as there is a reasonable possibility that the error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 240-241).
We also agree with the defendant's contention that his right to a fair trial was violated when, during summation, defense counsel attacked the credibility of the testimony of certain police [*3]officers regarding wanted posters, and the Supreme Court instructed the jury, "there was testimony on that. The jurors will be bound by its recollection of the testimony and the explanation." Since a "jury is presumed to follow the court's instructions" (People v Lugo, 218 AD2d 711, 711), the court's instruction, which bound the jury to accept the officer's explanation, rather than to rely on its recollection of the testimony and the evidence, was erroneous. Further, the error was not harmless, as there is a reasonable possibility that the error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d at 240-241). Accordingly, under all of these circumstances, the defendant is entitled to a new trial.
In light of our determination, we need not reach the defendant's remaining contentions.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court